Argued April 20, affirmed June 1, reconsideration denied June 23, petition for review denied July 20, 1976

STATE OF OREGON, *Appellant,*

*v.*

WALTER W. MARTIN, *Respondent.*

(No. 75-09-3051 Cr, CA 5478)

550 P2d 462

*Kevin L. Mannix,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

*Deane S. Bennett,* Portland, argued the cause for respondent. With him on the brief was Walter L. Martin, Portland.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

Defendant was cited for failing to leave his name and address at the scene of an accident, ORS 483.602, and for driving while under the influence of intoxicating liquor, former ORS 483.992 (*repealed* Oregon Laws 1975, ch 451, § 291, p 904).

Following two continuances, one requested by the state to change a January 14, 1975, trial date, and one requested by the defendant to change an April 1, 1975, trial date, trial was set for April 11, 1975. On that date, the state moved for another continuance which the district court denied. On motion of the defendant, the district court then ordered the citations dismissed.

There is disagreement as to what the state contends on appeal to this court. In its brief, the state says: "Upon the State's appeal to the circuit court, the main focus was upon the dismissal of the citations. This appeal focuses upon the same issue." The state argues at length that the circuit court improperly concluded that the state acted in bad faith in making its first motion for a continuance. The state says that this conclusion is the only basis for dismissing the citations. We interpret all of this as a contention that dismissal was an unwarranted remedy, and not as a contention that the state established good cause for a second continuance.[1] The sole issue, then, is whether dismissal properly followed the denial of a second continuance.

This is controlled by statute. ORS 136.120 provides for dismissing an accusatory instrument in a situation where the district attorney is not prepared for trial and does not show sufficient cause for postponing the trial:

> "If, when the case is called for trial, the defendant appears for trial and the district attorney is not ready and does not show any sufficient cause for postponing

---

[1] Postponement requires a showing of "sufficient cause," ORS 136.070, and a showing of good faith in requesting a continuance is not the same as a showing of good cause.

the trial, the court *shall* order the accusatory instrument to be dismissed, unless, being of the opinion that the public interests require the accusatory instrument to be retained for trial, the court directs it to be retained." ORS 136.120. (Emphasis supplied.)

The deputy district attorney who requested the continuance in the district court was called as a witness in the circuit court. On direct examination she testified:

"Q   Now, at the time that the case was set to go * * * was the State ready to proceed?

"A   No, the State was not ready to proceed."

Faced with this situation, the district court's options under ORS 136.120 were to dismiss or, if required by the public interest, order the citations retained for a later trial. *See, State v. Pena,* 15 Or App 582, 516 P2d 761 (1973). The state does not contend that the district court's failure to find that the public interests required the citations to be retained was an abuse of its discretion. Therefore, dismissal was the only possible remedy.

Affirmed.

**THORNTON, J.,** dissenting.

I cannot agree with the conclusion reached in the majority opinion. In my view the circuit court erred in affirming the district court's order dismissing the citations pending against defendant.

The state's assignment of error reads:

"The circuit court erred in affirming the district court's order dismissing the charges against the defendant."

I am persuaded by the state's argument that the circuit court's conclusion of law that

"* * * the State showed bad faith on January 14, 1975 in making a motion for a continuance because Officer Clark E. Paul was not present * * *"

is not supported either by its own findings or by the record.[1]

I would reverse and remand.

---

[1] The record indicates that the district court apparently based its denial of the prosecutor's request for a continuance on the same erroneous conclusion.