# STATE OF OREGON, *Appellant,*
*v.*
# PETER HANSEN, aka Housen, Peter, *Respondent.*
## (No. DA 141285, CA 11234)
587 P2d 508

Jan P. Londahl, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Robert J. Castagna, Portland, argued the cause for respondent. With him on the brief was William K. Shepherd, Portland.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

GILLETTE, J.

**GILLETTE, J.**

The state appeals pursuant to ORS 138.060(1)[1] from an "Order and Judgment of Acquittal" entered prior to trial dismissing a charging instrument.

We find the entry of the order to have been an abuse of discretion, and reverse.

The essential facts are: Defendant was charged by complaint with the Class A Misdemeanor of Menacing on November 28, 1977. The case was set for trial May 2, 1978. On May 1, 1978, the state obtained a setover to accommodate a vacation previously planned by the complaining witness. The setover was until May 12, 1978, but should have been May 16, 1978, because the complainant's vacation did not terminate until May 15, 1978. At call on May 11, 1978, the state incorrectly reported ready for trial.

At a hearing on *ex parte* matters[2] held later on May 11, 1978, the state attempted to get the matter set over until May 16, 1978—the date it should have requested originally. The information that the complaining witness would be vacationing until May 15, 1978, had been improperly "logged" in the district attorney's office. Instead of granting the four day setover, the presiding judge dismissed the case with prejudice.

While the court's order recites that the case was before it "on defendant's motion to dismiss with prejudice," the record shows that the matter actually came before the judge at the request of the district

[1] ORS 138.060 provides:

The state may take an appeal from the circuit court or the district court to the Court of Appeals from:

"(1) An order made prior to trial dismissing or setting aside the accusatory instrument;

"(2) An order arresting the judgment;

"(3) An order made prior to trial suppressing evidence; or

"(4) An order made prior to trial for the return or restoration of things seized."

[2] Although the hearing was nominally for *ex parte* matters, both parties to this case were represented.

attorney's office to remedy a mistake. This was therefore arguably not a case under ORS 136.120[3] where the state is not ready to proceed when defendant appears for trial. Even if not acting pursuant to ORS 136.120, however, there was a separate statutory basis upon which the trial court could have acted.[4]

We are not required to determine under which statute the trial judge acted because we hold that there are no sufficient grounds on this record which could justify the court's action in any event. The question, in the last analysis, is one of discretion: exercise of discretion to *retain* the charging instrument, under ORS 136.120, or to *dismiss* it, under ORS 135.755. *See State v. Martin,* 25 Or App 517, 518, 550 P2d 462 (1976); *State v. Shepherd,* 21 Or App 52, 55, 533 P2d 353 (1975).

The record here discloses that the state sought one previous extension of time in this case, which was granted. That extension was granted because the complaining witness would be unavailable. Defendant opposed any extension but, once the presiding judge granted one, defendant's counsel and the district attorney agreed on May 12, 1978, as the trial date. There is nothing to suggest that defendant would not have agreed to an *appropriate* date—either May 16 or later—had the district attorney correctly understood the facts. In other words, no operable facts with respect to the appropriateness of granting an exten-

---

[3] ORS 136.120 provides:

"If, when the case is called for trial, the defendant appears for trial and the district attorney is not ready and does not show any sufficient cause for postponing the trial, the court shall order the accusatory instrument to be dismissed, unless, being of the opinion that the public interests require the accusatory instrument to be retained for trial, the court directs it to be retained."

[4] ORS 135.755 provides:

"The court may, either on its own motion or upon the application of the district attorney, and in the furtherance of justice, order the proceedings to be dismissed; but in that case, the reasons for the dismissal shall be set forth in the order, which shall be entered in the journal."

sion had changed between the May 1 decision to grant an extension and the time this matter was heard. As we have previously said, in a slightly different context,

"Dismissal is a severe action with the possibility of unforeseen consequences to the unseen public. The public's right to enforce the * * * law could have significance beyond this case if defendant is a multiple offender or if civil litigation arises from the same facts. While it would take less in a traffic case than in a more grievous criminal case to tip the scales of justice in favor of a defendant, we hold in this case as we did in *State v. Shepherd,* 21 Or App 55, 533 P2d 353, *rev den* (1975), that there is not enough on the defendant's side of the scales to justify frustrating the public's right to have the charge against defendant prosecuted." *State v. Sharp,* 28 Or App 429, 432, 559 P2d 930 (1977).

Reversed and remanded with instructions to reinstate the charging instrument.