## STATE OF OREGON,
*Appellant,*

*v.*

## GERALD CLIFTON MOCK,
*Respondent.*

(CF 85-312; CA A37405)

722 P2d 42

Kendall M. Barnes, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Dennis A. Hachler, Pendleton, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, and Van Hoomissen and Young, Judges.

WARDEN, P. J.

**WARDEN, P. J.**

The state appeals an order dismissing, with prejudice, a charge against defendant of felony driving while suspended. We hold that the trial judge abused his discretion and reverse.

The record indicates that the proceedings below were fraught with frustration and confusion, but it does not reveal grounds for dismissal of the charge. Trial commenced on August 27, 1985. During *voir dire* examination of potential jurors, a controversy arose over one of the state's questions. In a discussion with the prosecutor and defense counsel in chambers, the judge limited the issues which the state could pursue. Although the judge was apparently attempting to limit only the scope of the state's examination on *voir dire,* the prosecuting attorney understood the judge's comments to apply to the trial itself. Interpreting the court's ruling as a pretrial evidentiary order, the state requested a continuance to pursue an appeal. *See* ORS 138.060.

Defense counsel responded to the state's request for a continuance by asking for a mistrial, alleging improper conduct by the state. The trial judge orally granted a mistrial. Then the state asked that the grounds for the mistrial be based on an impermissible suggestion to the jury, to preserve the state's ground for appeal. The judge agreed to that request. For some unexplained reason, he subsequently signed an order granting a continuance, as originally requested by the state, instead of a mistrial, and set the trial for September 10, 1985.

Apparently the prosecutor realized that he had misunderstood the court's ruling limiting the scope of *voir dire* examination, and he requested a hearing, offering to withdraw the request for a continuance. This momentary lapse into reasonableness by the prosecutor quickly deteriorated into a verbal clash between him and the judge over the same issue that interrupted the earlier proceeding. The trial judge indicated at various points in the discussion that he was prepared to dismiss the case and ultimately did so, entering an order of dismissal dated September 5, 1985.[1]

---

[1] Defendant argues that this court lacks jurisdiction to hear this appeal because the order dismissing the case was entered after it had been called to trial. That issue was settled by *State v. Hattersley,* 294 Or 592, 660 P2d 674 (1983), which held that such orders were appealable after jury selection had begun but before the jury was impaneled and sworn.

There is some question as to the authority under which the judge proceeded. Defendant never moved to dismiss the case. ORS 135.755 authorizes a trial judge to dismiss a case on the court's own motion, "in the furtherance of justice." The statute requires that the reasons for the dismissal be set forth in the order. No reason is given for the dismissal in the order, nor can we glean one from the record before us. The court's frustration with the prosecutor's insistent arguments is apparent, but justice was not furthered by dismissal. *State v. Love,* 38 Or App 459, 462, 590 P2d 741, *rev den* 286 Or 303 (1979).

Defendant argues that the dismissal could have been based on ORS 136.120, which allows a dismissal when the prosecution is not prepared to go forward on the scheduled trial date. There is no indication that the prosecutor could not or would not proceed, if he had been directed to by the court. He asked for and received a continuance for the purpose of considering an appeal of what he thought was a pretrial order, but for reasons not adequately explained to us, the trial judge dismissed the case before the expiration of the period of continuance.[2]

It appears that the trial judge became annoyed with the confusion and the argumentativeness of the prosecutor and dismissed this case in frustration. That does not justify dismissal of the charge. *State v. Hansen,* 37 Or App 461, 587 P2d 508 (1978).

Reversed and remanded.

---

[2] Furthermore, ORS 136.130 directs that dismissal of a felony charge under ORS 136.120 is not a bar to further proceedings unless so directed by the court. If the court so directs, ORS 136.130 requires that a judgment of acquittal be entered. No such judgment was entered in this case and thus the trial court did not properly proceed under ORS 136.120, if indeed that was the intended ground for the dismissal.