On respondent's motion to dismiss for lack of jurisdiction filed July 6, 1989, appeal dismissed April 18, reconsideration denied June 27, petition for review allowed July 10, 1990 (310 Or 195)

**STATE OF OREGON,**
*Appellant,*

*v.*

**DAVID CARRILLO,**
*Respondent.*

(88-10-1553C, 88-10-1554C, 88-10-1555C;
(CA A60754 (Control), A60755, A60756)
(Cases Consolidated)

790 P2d 1159

Lisa A. Maxfield, and Ransom, Blackman & Weil, Portland, for the motion.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, appeared *contra.*

Before Rossman, Presiding Judge, and Joseph, Chief Judge, and Edmonds, Judge.

## JOSEPH, C. J.

Defendant has moved to dismiss the state's appeal from a judgment of acquittal entered on a Class B felony charge on the ground that there is no authority for the state to appeal. The trial court ordered dismissal of the accusatory instrument pursuant to ORS 136.120[1] and directed entry of a judgment of acquittal pursuant to ORS 136.130.[2] The state's appeal is purportedly taken under ORS 138.060(1):

"The state may take an appeal from the Circuit Court or the District Court to the Court of Appeals from:

"(1)  An order made prior to trial dismissing or setting aside the accusatory instrument."

Defendant argues that the judgment from which the appeal is taken is neither an order of dismissal nor an order setting aside the accusatory instrument; instead, it is a judgment of acquittal. That fact, defendant asserts, bars further the appeal. ORS 136.130.

On its face, *State v. Hansen*, 37 Or App 461, 587 P2d 508 (1978), supports the state's position. It begins by assuming that ORS 138.060(1) permits the state to appeal from an "Order and Judgment of Acquittal." However, the question of whether the appeal was permissible under the meaning of the statute does not appear to have been raised, and it is not expressly decided by the case. We have found no case in which the issue has been discussed or decided.

Giving the statutory terms their ordinary technical meanings, only an "order" can be the basis for an appeal by the state. There is nothing in the statute that permits, by its

---

[1] ORS 136.120 provides:

"If, when the case is called for trial, the defendant appears for trial and the district attorney is not ready and does not show any sufficient cause for postponing the trial, the court shall order the accusatory instrument to be dismissed, unless, being of the opinion that the public interests require the accusatory instrument to be retained for trial, the court directs it to be retained."

[2] ORS 136.130 provides:

"If the court orders the accusatory instrument to be dismissed and the instrument charges a felony or Class A misdemeanor, the order is not a bar to another action for the same crime unless the court so directs. If the court does so direct, judgment of acquittal shall be entered. If the accusatory instrument charges an offense other than a felony or a Class A misdemeanor, the order of dismissal shall be a bar to another action for the same offense."

express terms, an appeal from *any* "judgment" in favor of a defendant in a criminal case.

ORS 136.120 says that, if the conditions calling for its application are presented, "the court shall order the accusatory instrument to be dismissed" or, if "the public interests require the accusatory instrument to be retained for trial," the court may order it to be "retained." Although it is not very clear what that last quoted word means, the trial judge did not enter any such order. ORS 136.120 deals *only* with the circumstances under which a trial court may enter an *order* dismissing an accusatory instrument, and it has nothing, in and of itself, to do either with appealability or double jeopardy.

If, acting under ORS 136.120, a trial judge orders the accusatory instrument dismissed, then the *order* is expressly made appealable by ORS 138.060(1). However, ORS 136.130 permits the trial judge to do more than issue a mere order. If, under ORS 136.130, "the court orders the accusatory instrument * * * dismissed and the instrument charges a felony or Class A misdemeanor, the order is not a bar to another action for the same crime unless the court so directs." Thus, by itself, no order under ORS 136.130 dismissing a felony or a Class A misdemeanor charge has a double jeopardy effect. However, the same statute empowers the trial judge to give a dismissal of a felony or Class A misdemeanor charge a double jeopardy effect by entering a *judgment* of acquittal.

*State v. Hansen, supra,* involved a dismissal under ORS 136.120 of a Class A misdemeanor charge. The trial judge apparently followed the procedure in ORS 136.130 exactly. There was a *judgment* of acquittal, and there was, and is, no basis in the law for the state to appeal from that *judgment.* The problem in *Hansen* was that the trial judge may not have had a basis for acting under ORS 136.120 in the first place. The opinion seizes on that matter, jumps over to *former* ORS 135.755[3] and proceeds to decide the case on the basis of a discovered abuse of discretion.

---

[3] *Former* ORS 135.755 provided:

"The court may, either on its own motion or upon the application of the district attorney, and in the furtherance of justice, order the proceedings to be dismissed; but in that case, the reasons for the dismissal shall be set forth in the order, which shall be entered in the journal."

*State v. Hansen, supra,* was wrongly decided. ORS 136.130 authorized the trial judge there, and here, to enter a judgment of acquittal. He did that, which should have been the end of the case. There was no "order" from which the state could appeal under ORS 138.060(1). The judgment of acquittal was just that: a judgment that the defendant is not guilty of the charged offense.[4] Oregon Constitution, Article I, section 12, plainly provides: "No person shall be put in jeopardy twice for the same offence [*sic*] * * *." That should have been the result in *Hansen.* The same is true in this case, and we overrule *State v. Hansen, supra.*

Appeal dismissed.

---

[4] ORS 136.490 provides:

"If judgment of acquittal is given on a general verdict and the defendant is not detained for any other legal cause, the defendant shall be discharged as soon as the judgment is given, except that, when the acquittal is for variance between the proof and the accusatory instrument, which may be obviated by a new accusatory instrument, the court may order the detention of the defendant, to the end that a new accusatory instrument may be preferred, in the same manner and with like effect, as provided in ORS 135.540."

*See also* ORS 135.470-ORS 135.560.