Argued April 2, affirmed July 19, 1973

STATE OF OREGON, *Respondent, v.*
RENNIA WRIGHT, JR., *Petitioner.*

511 P2d 1223

164

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed briefs for petitioner.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and John W. Osburn, Solicitor General, Salem.

HOLMAN, J.

The defendant was indicted for the possession of marihuana and lysergic acid diethylamide. He filed a motion to suppress as evidence the drugs which had been seized pursuant to a search authorized by a warrant. The warrant was based upon a police officer's affidavit which set forth information concerning the possession of drugs by the defendant. The information had allegedly been given to affiant by an unnamed person who in the past had furnished reliable information to the police concerning the possession of drugs by others. Defendant also filed a motion to controvert the warrant by challenging the existence of the informant and the reliability of the information which he purportedly gave. No affidavit was filed with this motion setting forth facts controverting the affidavit

for the warrant. The two motions were merged and heard together by the circuit court.

At the hearing, the affiant was called as a witness by the defendant. During a short period of questioning, evidence was given which purported to substantiate the information in the affidavit for the warrant. The defendant then requested the trial judge to take the witness into chambers with the court reporter for a private hearing and to ask him certain questions which the parties agreed might tend to identify the informant. The state and the witness then indicated to the trial judge that if such procedure were adopted, they would assert their privilege not to disclose the identity of the informant under the doctrine of *McCray v. Illinois,* 386 US 300, 87 S Ct 1056, 18 L Ed 2d 62 (1967). The trial judge indicated he thought the suggested method of procedure was reasonable and that, in the absence of willingness on the part of the state and the witness to participate in such a proceeding, he had no basis upon which to determine whether the informant in fact existed or whether the purported information was reliable. He, therefore, quashed the evidence and the state appealed. The Court of Appeals reversed the trial court, 11 Or App 560, 503 P2d 514 (1972). This court accepted review.

The affidavit for the warrant is sufficient on its face in every respect. The issue is whether the trial judge acted within his authority in quashing the evidence because of the unwillingness of the state and the witness to disclose in a private proceeding information which might disclose to the judge and the court reporter the identity of the informant. There is no issue concerning the propriety of conducting the examination of the affiant without the defendant and his

counsel being present since the right to be present in person and by counsel was waived by defendant. Neither is there any question concerning the propriety of the motion being heard by the trial judge rather than by the magistrate who issued the warrant.[1] The motion was heard by the trial judge pursuant to stipulation of the parties.

The reasoning of the opinion of the Court of Appeals ran thusly: (1) defendant had the burden of establishing the falseness of the facts set forth in the affidavit for the warrant; (2) there was no evidence submitted which tended to prove that the informant did not exist or that the information was unreliable and the affidavit, as well as the affiant's in-court testimony, indicated the informant did exist and that the information was reliable; (3) therefore, defendant did not carry his burden.

The defendant argues that if no detailed inquiry is possible of an affiant, the police are, in effect, the sole judges of probable cause to issue warrants because it is virtually impossible for a defendant to disprove the existence or reliability of an unidentified person. On the other hand, the state argues that no preliminary showing has been made by the defendant of any lack of good faith, of accuracy or of truthfulness on the part of the affiant, and that unless such a preliminary showing is required of defendants, they will always

[1] ORS 141.150: If the person from whose possession the property was taken controverts the grounds of issuing the warrant, the magistrate shall proceed to examine the matter by taking testimony in relation thereto.

ORS 141.160: If it appears that the property taken is not the same as that described in the warrant or that there is no probable cause for believing that the grounds on which the warrant was issued exist, the magistrate shall cause the property to be restored to the person from whom it was taken.

controvert the facts upon which a warrant is based and invoke an inquiry, private or otherwise, because they have nothing to lose by so doing.

■ When at least part of the information, purportedly given by the informant and set forth in the affidavit, is by its nature within the knowledge of the defendant, efficient judicial administration requires a preliminary showing by defendant of a substantial basis for questioning the truth or accuracy of the affiant before further court procedure is invoked pursuant to ORS 141.150. The method of disposing of criminal cases should not be allowed to become unnecessarily time-consuming.

The magistrate has already passed upon the bona fides of the affiant and, while that procedure is ex parte and further procedure is provided by the statute for inquiry by way of a motion to controvert, clearly the onus should be upon the defendant to make it appear that a further inquiry might be fruitful or necessary before invoking such a procedure. Efficient judicial administration requires that the defendant by affidavit set forth such facts as are necessarily within his knowledge which indicate that the facts asserted in the affidavit for the warrant are untrue.

■■ In the present case, the affidavit asserts that the informant told the affiant that within the past 48 hours the informant had been present in the house which was subsequently searched and had observed the defendant to possess there a quantity of heroin; that on several occasions defendant had discussed the illicit heroin traffic with the informant and on previous occasions the informant had observed defendant transporting heroin in his automobile; and that defendant informed the informant that he conceals heroin in the

168

yard outside the residence in question. Whether defendant has recently so possessed heroin or has made similar statements to anyone is necessarily within his knowledge and, therefore, he is capable of controverting at least some facts set forth in the affidavit if they are untrue. He should be required to do so before being privileged to invoke the procedure provided by ORS 141.150.[2]

■ It is unnecessary for us to consider those limited situations in which the facts set forth in the affidavit for the warrant are such that none of them can reasonably be expected to be sufficiently within the knowledge of the defendant so as to permit him to deny them if they are untrue. Neither is it necessary for this court to decide presently the lengths to which the trial court may go pursuant to ORS 141.150 and 141.160 in conducting a hearing to controvert.[3] This case can be presently disposed of by our decision that the trial

[2] It is clear that any testimony by affidavit or otherwise given to afford standing to assert Fourth Amendment rights cannot subsequently be used against defendant at trial in derogation of his Fifth Amendment rights. Simmons v. United States, 390 U. S. 377, 389-94, 88 S Ct 967, 19 L Ed 2d 1247 (1968).

[3] Such a determination would presently be profitless as the recent session of the legislature has repealed both statutes and has enacted new provisions for controverting the affidavit for a search warrant. See Senate Bill 80, §§ 118, 119, effective January 1, 1974, enacted by the 1973 Legislative Session, which is as follows:

"SECTION 118. (Challenge to truth of the evidence.) (1) Subject to the provisions of subsection (2) of this section, in any proceeding on a motion to suppress evidence the moving party shall be entitled to contest, by cross-examination or offering evidence, the good faith, accuracy and truthfulness of the affiant with respect to the evidence presented to establish probable cause for search or seizure.

"(2) If the evidence sought to be suppressed was seized by authority of a search warrant, the moving party shall be allowed to contest the good faith, accuracy and truthfulness of the affiant as to the evidence presented before the issuing

(Continued on page 169)

court erred in conducting such a hearing at all in the absence of a preliminary showing by defendant by affidavit that there were reasons to doubt the bona fides of the affiant.

The decision of the Court of Appeals reversing the trial court is affirmed.

---

(Continued from page 168)

authority only upon supplementary motion, supported by affidavit, setting forth substantial basis for questioning such good faith, accuracy and truthfulness.

"(3) In any proceeding under subsection (2) of this section, the moving party shall have the burden of proving by a preponderance of the evidence that the evidence presented before the issuing authority was not offered in good faith, was not accurate and was not truthful.

"(4) Where the motion to suppress challenges evidence seized as the result of a warrantless search, the burden of proving by a preponderance of the evidence the validity of the search is on the prosecution.

"(5) The court shall determine whether, under applicable law, any inaccuracy, untruthfulness or lack of good faith requires suppression.

"SECTION 119. (Identity of informants.) (1) In any proceeding on a motion to suppress evidence wherein, pursuant to section 118 of this Act, the good faith of the testimony presented to establish probable cause is contested, and wherein such testimony includes a report of information furnished by an informant whose identity is not disclosed in the testimony, the moving party shall be entitled to prevail on the motion to suppress and evidence obtained as a result of the information furnished by the informant shall be suppressed unless:

"(a) The evidence sought to be suppressed was seized by authority of a search warrant and the informant testified in person before the issuing authority; or

"(b) The judge determines from the affiant by a preponderance of the evidence that such confidential informant exists and is reliable.

"(2) If the defendant is entitled to prevail on the motion to suppress under subsection (1) of this section, the evidence obtained as a result of the information furnished by the informant shall be suppressed."