Argued and submitted June 17, 1981,
remanded for further proceedings January 25, 1982

# STATE OF OREGON,
*Appellant,*

*v.*

# FRENCH LEE MILLER,
*Respondent.*

## (No. 54296, CA 19514)

639 P2d 697

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Janet A. Metcalf, Portland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, Warden, Judge, and Joseph, Chief Judge.*

WARDEN, J.

* Joseph, C.J., *vice* Warren, J.

## WARDEN, J.

The state appeals the trial court order dismissing the indictment for lack of speedy trial. Defendant's motion appears to rely on both statutory and constitutional grounds. The trial court made no findings of fact or conclusions of law other than, "It is the finding of the Court that the defendant has been denied a speedy trial and the defendant's motion should be allowed." Because defendant might be reprosecuted after dismissal under one statute (ORS 135.747) but not after a dismissal under another (ORS 135.760 *et seq.*) or on constitutional grounds, we remand for further findings.

On March 15, 1979, defendant was indicted in Case No. 54296, the subject of this appeal, for a Class C felony, criminal conspiracy, ORS 161.450, and a Class A misdemeanor, attempted second degree escape. ORS 162.155. He was arraigned a week later, and trial was set for two weeks after that. Counsel appointed to represent him in an earlier, pending charge, Case No. 53017, had a conflict in the case reviewed here, wanted to withdraw and so informed the court. Circuit Judge Johns, now deceased, apparently relieved counsel in No. 53017, the case then before the court, but no order to that effect was entered. Counsel believed he had been relieved in both cases until he was informed almost 20 months later that he was still counsel of record in this case, at which time he filed a formal motion to withdraw. Defendant then represented himself in October, 1980, in his motion to dismiss this case for lack of speedy trial. Counsel's testimony at the hearing on defendant's motion supports defendant's unsworn statements that he did not request trial continuances from April, 1979, to November, 1980.

Defendant was in custody of the Corrections Division in April, 1979, when he filed a request for speedy trial. The state concedes he did so file, but only as to Case No. 53017; and Judge Johns found, in his letter opinion dismissing Case No. 53017, that defendant indeed had sent a letter request to the district attorney on April 19, 1979. Charges in both cases were then pending. Defendant's request for speedy trial is not of record in this case or in Case No. 53017. The state could not find it in its files;

defendant did not keep a copy. Case No. 53017 was dismissed on September 30, 1979, for lack of speedy trial, pursuant to ORS 135.760.[1]

Defendant contends that in his letter he requested speedy trial on *all* pending charges, which would have included those in this case, not merely Case No. 53017, and that he thought the dismissal in Case No. 53017 dismissed all pending charges. The order clearly shows that it is an order in Case No. 53017, but defendant's belief was not unreasonable (1) if, as he claims, this case was continued without his knowledge when he was not represented by counsel and (2) in view of the fact that the state did not move for a new trial date until 11 months after the dismissal in Case No. 53017 and 17 months after indictment in this case.

After the state moved for a new trial date, defendant moved the court

" * * * to dismiss [Case No. 54296] as it was dismissed in or about [September,] 1979, by the Honorable Courtney R. Johns * * *. For the reason of a lack of a quick and speedy trial, which [defendant] filed for in April of 1979. And if not for that reason, then for the continued denial of a quick and speedy trial."

The motion was made 18 months after defendant sent his request for speedy trial and 19 months after indictment in this case.

The motion lists two grounds: delay after a timely request and delay. A timely request is required under ORS 135.760 *et seq.* and is an important factor under the federal and state constitutions. *See Barker v. Wingo,* 407 US 514,

---

[1] ORS 135.760 provides:

"(1) Any inmate in the custody of the Corrections Division against whom there is pending at the time of commitment or against whom there is filed at any time during imprisonment, in any court of this state, an indictment, information or criminal complaint charging him with the commission of a crime, may give written notice to the district attorney of the county in which the inmate is so charged requesting the district attorney to prosecute and bring him to trial on the charge forthwith.

"(2) The notice provided for in subsection (1) of this section shall be signed by the inmate and set forth the place and term of imprisonment. A copy of the notice shall be sent to the court in which the inmate has been charged by indictment, information or complaint."

92 S Ct 2182, 33 L Ed 2d 101 (1972); *Haynes v. Burks,* 290 Or 75, 80-81, 619 P2d 632 (1980); *State v. Ivory,* 278 Or 499, 564 P2d 1039 (1977). A timely request is not required for dismissal under ORS 135.747, which also requires a lesser showing of prejudice to the defendant than do constitutional dismissals. *See Haynes v. Burks, supra,* 290 Or at 81-84, 90.

The state argues that, because defendant made no timely request under ORS 135.760 *et seq.,* and because he was not prejudiced under the constitutional standard, he was not entitled to a dismissal. The state ignores the possibility, however, that the court dismissed under ORS 135.747.[2] If it had, defendant could be reprosecuted under ORS 135.753(2).[3] With no trial court findings, we cannot assume the court dismissed under ORS 135.760 *et seq.* or on constitutional grounds, rather than under ORS 135.747.

The lack of findings presents a problem somewhat analogous to that in *State v. Johnson/Imel,* 16 Or App 560, 572, 519 P2d 1053 (1974). Without findings we cannot review. Moreover, the parties need findings to know the consequences of the dismissal. *See State v. Ivory, supra,* 278 Or at 503. If the case was dismissed on state or federal constitutional grounds or under ORS 135.760 *et seq.,* it was necessarily with prejudice; if under ORS 135.747, it was without prejudice, because the charges are a Class A misdemeanor and a felony, and the state may reprosecute under ORS 135.753(2). The effect of the dismissal depends on the trial court's findings, and both parties are entitled to know what that effect is.

Remanded for further proceedings, specifically to supplement the dismissal order by stating (1) findings as to

---

[2] ORS 135.747 provides:

"If a defendant charged with a crime, whose trial has not been postponed upon his application or by his consent, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

[3] ORS 135.753(2) provides:

"An order for the dismissal of a charge or action, as provided in ORS 135.703 to 135.709 and 135.745 to 135.757, is a bar to another prosecution for the same crime if the crime is a Class B or C misdemeanor; but it is not a bar if the crime charged is a Class A misdemeanor or a felony."

whether and to what extent defendant was prejudiced by the delay and whether he made a timely request for speedy trial,[4] and (2) what statutory or constitutional ground or grounds for the dismissal were relied on.

---

[4] The state concedes that the other two factors to be considered under the *State v. Ivory* test are in defendant's favor: the length of the delay and the state's negligence contributing to the delay.