Argued and submitted January 12, reversed and remanded April 27, 1983

# STATE OF OREGON,
*Appellant,*

*v.*

# SHARON RAE HACKER,
*Respondent.*

(10-79-11713; CA A25684)

662 P2d 21

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

William D. Young, Eugene, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

The state appeals an order granting defendant's motion to dismiss the indictment for lack of a speedy trial. We reverse and remand.

Defendant was indicted on January 29, 1980, for first degree forgery and first degree theft and was arraigned on February 1, 1980. In June, 1980, the court granted defendant's motion to suppress certain evidence, and the state appealed. We reversed the order of suppression and stated:

> "* * * Because we cannot determine what facts the trial court used in arriving at its decision or upon what theory each witness or each piece of evidence was excluded, we remand for further proceedings. Specifically, on remand, the court *should* issue a new decision incorporating findings of fact and a statement of the reasons for the ruling on each witness' testimony and each exhibit defendant seeks to suppress. In light of the legal principles discussed herein, the court may wish to reconsider its ruling." *State v. Hacker*, 51 Or App 743, 754-55, 627 P2d 11 (1981). (Emphasis supplied.)

The court's mandate issued June 29, 1981. The parties were notified December 2, 1981, that the new trial was set for April 1, 1982. On March 12, 1982, defendant moved for the first time to dismiss for lack of speedy trial; the motion was denied. In March, at "ready call" before trial, it was brought to the court's attention that it had not reconsidered the suppression order as suggested in the mandate. On its own motion the court then reset the trial date for August 25, 1982. Defendant renewed her motion to dismiss on July 29, 1982, and it was granted after a hearing on August 10, 1982.

■ Defendant's motion was based on the Sixth Amendment to the United States Constitution, Article I, § 10 of the Oregon Constitution and ORS 135.747.[1] In *Barker*

---

[1] The Sixth Amendment to the United States Constitution provides:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *"

Or Const Art I, § 10 provides:

"No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have

*v. Wingo,* 407 US 514, 92 S Ct 2182, 33 L Ed 2d 101 (1972), the Supreme Court set out the factors to be considered in determining whether a defendant's Sixth Amendment right to a speedy trial has been violated. The conditions of an unconstitutional delay under the Oregon Constitution and under the Sixth Amendment are not materially different. *Haynes v. Burks,* 290 Or 75, 80, 619 P2d 632 (1980); *State v. Ivory,* 278 Or 499, 504, 564 P2d 1039 (1977). The factors are the length of the delay, the reasons for it, the extent to which the defendant demonstrated a desire for a speedy trial by demanding one and the prejudice to the defendant resulting from the delay.

■ The statutory and constitutional provisions are not identical. A dismissal for an unconstitutional delay is final; a dismissal under ORS 135.747 only bars subsequent prosecutions if the crime is a Class B or C misdemeanor. ORS 135.753. Because of that difference, the showing required for statutory dismissal is less than that required to demonstrate a denial of the constitutional right. *Haynes v. Burks, supra; State v. Miller,* 55 Or App 682, 639 P2d 697 (1982). However, the factors used in the constitutional analysis are appropriate for the statutory determination. *Haynes v. Burks, supra, see also State v. Serrell,* 265 Or 216, 507 P2d 1405 (1973); *State v. Downing,* 4 Or App 269, 478 P2d 420 (1970).

■ The court made no findings of fact and did not indicate whether it was dismissing the indictment on statutory or constitutional grounds. It is unnecessary to remand for the court to indicate the grounds for dismissal, *e.g., State v. Miller, supra,* because we conclude dismissal on either ground is error. We turn to a consideration of the factors. The delay before defendant's motion to dismiss was granted was just over two and one-half years. The state concedes, and we agree, that this period is sufficient to

---

remedy by due course of law for injury done him in his person, property, or reputation.—"

ORS 135.747 provides:

"If a defendant charged with a crime, whose trial has not been postponed upon his application or by his consent, is not brought to trial within a reasonable period of time, the court shall order the accusatory instrument to be dismissed."

trigger consideration of the other factors. *State v. Lowry,* 56 Or App 189, 641 P2d 1144 (1982).

■ ■ The second factor is the reason for the delay. Little of the delay weighs against defendant. Slightly over one year was due to the state's appeal, from June 6, 1980, when the motion to suppress was granted, until the Court of Appeals' mandate June 29, 1981. The state had a right to pursue the appeal of the suppression order. *State v. Lowry, supra,* 56 Or App at 195. Generally, periods of time for appeal are permissible, although in some cases the time taken may impermissibly conflict with the state's duty to try defendant expeditiously. *State v. Jenkins,* 29 Or App 751, 755-56, 565 P2d 758 (1977). Defendant alleges no bad faith on the part of the state in seeking the appeal. *See State v. Lowry, supra.* There followed a delay of approximately nine months from the mandate until the new trial date, April 1, 1982. No particular reason appears on the record for this delay. The final delay, from the April 1 trial date until the date defendant's motion to dismiss was granted, was approximately four and one-half months. That delay weighs against the state, because it is in part attributable to the trial court's delay in reconsidering defendant's motion to suppress. Although the delay weighs against the state, it does not weigh as heavily as an intentional delay. *Barker v. Wingo, supra,* 407 US at 531. Defendant must assume some responsibility for the delay attributable to the court's failure to reconsider the motion to suppress in time for the new trial date. We had reversed the order granting the motion and remanded for findings of fact and reconsideration. As the trial date approached, defendant's motion to suppress was denied subject to reconsideration. Defendant might have reduced the delay by a timely request to reconsider the motion to suppress.

The third factor is defendant's assertion of the speedy trial right. Although a defendant's right to a speedy trial does not alone depend on a demand, the force and frequency of its assertion evidences the extent of defendant's deprivation and actual desire for a trial and is to be considered. *Barker v. Wingo, supra,* 407 US at 531-32; *Haynes v. Burks, supra,* 290 Or at 80-81.

"The purpose of the right to speedy trial is to secure speedy trials; it is not to secure dismissals. Thus a

defendant is responsible to do more than endure the passage of sufficient time before moving to dismiss. If he desires a speedy trial, it is his responsibility to assert his speedy trial right. Failure to assert it does not waive it, but silence weighs against him. * * *" *State v. Meikle,* 44 Or App 91, 95-96, 605 P2d 301 (1980).

In this case defendant made her first motion to dismiss for lack of speedy trial on March 12, 1982, two weeks before the April 1 trial date, over two years after the indictment. She had been given notice December 2 that the trial would not take place until April and could even have asserted her right prior to that notice as early as the Court of Appeals' mandate in June.

The final factor is the prejudice to defendant. Defendant alleges no specific prejudice, but relies instead on the length of delay. Citing *State v. Ivory, supra,* she argues that she is only required to demonstrate a "reasonable possibility of prejudice" because the other three factors support her claim. However, we did not find that all three factors weigh in her favor. Defendant points out that three kinds of prejudice have been recognized in speedy trial cases: prolonged incarceration, the anxiety of living under unresolved public accusation and the hampering of the defense due to loss of evidence. *Barker v. Wingo, supra,* 407 US at 532. Defendant has not been incarcerated while awaiting this trial and does not claim her defense has been hampered by the delay. Without more, we cannot accord this factor much, if any, weight in her favor. *See State v. Neal,* 58 Or App 180, 185-86, 647 P2d 974 (1982).

After consideration of the above factors, we conclude that the delay in this case was neither "unreasonable" under ORS 135.747 nor unconstitutional.

■ ■ Defendant cites *State v. Harrison,* 253 Or 489, 455 P2d 613 (1969), for the proposition that the determination of whether defendant has been brought to trial within a "reasonable time" under ORS 135.747 is one of fact and concludes that our review is limited to determining whether there is any evidence to support the trial court's finding. *Harrison* does not support that conclusion. Even if "reasonableness" of time under the statute is a question of fact, that does not make it a "historical fact" as described in

*Ball v. Gladden,* 250 Or 485, 443 P2d 621 (1968). An appellate court is not bound by a finding that defendant has or has not been brought to trial within a reasonable time, if that ultimate conclusion is not supported as a matter of law by the facts. *See State v. Warner,* 284 Or 147, 157-59, 585 P2d 681 (1978). Thus, although there may be findings of historical fact involved in the consideration of each *Barker* factor, *State v. Ivory, supra,* 278 Or at 508 n 7, the ultimate conclusion as to reasonableness or lack thereof is reviewable as a question of law.

The trial court erred in granting defendant's motion to dismiss.

Reversed and remanded for trial.