# STATE OF OREGON,
*Respondent,*

*v.*

# WILBUR GENE MENDE,
*Appellant.*

(10-83-08356; CA A37962)

730 P2d 555

Gary K. Jensen, Eugene, argued the cause and filed the brief for appellant.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Young, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant was convicted of unlawfully and knowingly obtaining food stamps, ORS 411.840, and seeks reversal of that conviction and dismissal of the charge on the ground that he was denied a speedy trial. There was a 16-month delay between indictment and arrest, because budgetary limitations in the Lane County sheriff's office had caused the removal of all officers from patrol and the termination of warrant service. In support of his motion to dismiss, defendant submitted an affidavit which stated that the passage of time had significantly prejudiced his defense, because the caseworker who had processed his food stamp application had died during the delay, and that she would have testified on his behalf.

Defendant refused to submit to cross-examination by the state regarding the affidavit. The trial court struck the substance of the affidavit, because it was testimony by defendant on the factual issue of prejudice, and thus gave the prosecution a right to cross-examine "on all facts to which he testified." ORS 136.643. The trial court held that, without the affidavit, defendant had failed to carry his burden of showing a possibility of prejudice. *See Haynes v. Burks,* 290 Or 75, 81, 619 P2d 632 (1980); *State v. Ivory,* 278 Or 499, 564 P2d 1039 (1977); *see also State v. Hale,* 80 Or App 279, 721 P2d 887 (1986)[1]

Defendant argues that the trial court erred in striking the substance of the affidavit, because it forced him to choose between asserting his constitutional right to a speedy trial and his constitutional right against self-incrimination. We disagree. Defendant seeks to have the charge dismissed, and it is his burden to show that he meets the criteria in *Ivory. See State v. Langlois, supra* n 1. Although the right not to testify applies to any compelled testimony that might be used against the witness in a criminal proceeding and defendant could have claimed a right not to answer certain questions, his constitutional rights would not have been violated by the state calling him as a witness in a proceeding in which he sought to testify by affidavit, and those rights were not violated by striking

---

[1] Even if defendant had established the other factors discussed in *Ivory,* he also had to show "a possibility of prejudice." *State v. Langlois,* 54 Or App 452, 456 n 9, 635 P2d 653 (1981).

portions of the affidavit because of his refusal to testify. *See State v. Langan,* 301 Or 1, 5, 718 P2d 719 (1986). Without a showing of prejudice, defendant has no viable claim for denial of a speedy trial.

Affirmed.