Argued and submitted May 12, affirmed August 24, 1987

## STATE OF OREGON,
*Respondent on Review,*

*v.*

## WILBUR GENE MENDE,
*Petitioner on Review.*

(TC 10-83-08356; CA A37962; SC S33617)

741 P2d 496

Gary K. Jensen, Eugene, argued the cause and filed the petition on behalf of petitioner on review.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause on behalf of respondent on review.

GILLETTE, J.

## GILLETTE, J.

Defendant in this criminal case seeks review of the determination by the Court of Appeals that he was not denied his right to a speedy trial under Article I, section 10, of the Oregon Constitution by a 16-month delay between indictment and the time of his arrest, the delay being due entirely to budget restrictions that reduced the number of police officers who were available to serve arrest warrants.[1] We affirm.

Defendant was indicted on October 21, 1983, for the crime of unlawfully obtaining food stamps. Because budgetary limitations in the Lane County Sheriff's office resulted in a temporary suspension of warrant service, defendant was not arrested on the charge until February 28, 1985. Defendant moved to dismiss the charge on the ground that he had been denied his right to a speedy trial. In support of the motion, he submitted an affidavit stating that the delay was prejudicial because his Adult and Family Services Division caseworker (who, he alleged, would have testified in his favor) had died during the 16-month delay between his indictment and arrest.

At the hearing on the motion to dismiss, the state called defendant as a witness in order to cross-examine him on the matters alleged in his affidavit. Defendant declined to testify, asserting his privilege against self-incrimination. The trial court ruled, in part:

"Assuming without deciding that the privilege against self-incrimination applies to a hearing on a Motion to Dismiss for Want of Speedy Trial, the privilege is waived with respect to the subject matter or the facts asserted in the affidavit, but only for the hearing on the Motion to Dismiss and not for any trial on the merits."

Because defendant refused to submit to cross-examination, the trial court struck the allegations in defendant's affidavit relating to prejudice. The trial court then ruled that, without the evidence in the affidavit, defendant had not established that he had been prejudiced by the delay in bringing him to trial, and denied the motion to dismiss. The Court of Appeals affirmed. *State v. Mende,* 83 Or App 7, 730 P2d 555 (1986). The present review proceeding followed.

---

[1] Article I, section 10, of the Oregon Constitution provides:

"No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation."

## I. Self-Incrimination

■ Defendant first argues that the trial court's action in requiring him to choose between testifying or having his affidavit stricken forced him to choose between asserting his right to a speedy trial and asserting his privilege against compelled self-incrimination. We disagree. The state was entitled to cross-examine defendant on the matters raised in his affidavit. ORS 136.643. This requirement does not offend federal or state constitutional guarantees against self-incrimination. By submitting the affidavit, defendant waived his privilege not to testify concerning the matters asserted in his affidavit at the hearing on his motion to dismiss. *See State v. Stilwell,* 109 Or 643, 662, 221 P 174 (1924). Although not required to impose that sanction, the trial court did not err in striking the portions of defendant's affidavit relating to prejudice after defendant declined to testify on that issue.[2]

It follows from the foregoing that the only record properly before the trial court and the Court of Appeals on the issue of speedy trial was that establishing the length of delay between indictment and arrest. The remaining issue thus may be phrased this way: Does the lack of notice to a defendant of the existence of a criminal charge during a 16-month delay between indictment and arrest, where the delay is entirely attributable to the state, require dismissal of the charge under Article I, section 10, of the Oregon Constitution? We turn to that question.

## II. Speedy Trial

■ Under Article I, section 10, of the Oregon Constitution, the factors to be considered in evaluating the usual speedy trial claim are: (1) the length of the delay, (2) the reasons for the delay and (3) the resulting prejudice to the accused. *State v. Dykast,* 300 Or 368, 375, 712 P2d 79 (1985). There is no dispute in this case about the length of the delay or the reason for the delay. Those factors can be weighed as soon as the degree of the third factor — prejudice — is established.

In *Barker v. Wingo,* 407 US 514, 532, 92 S Ct 2182, 33 L Ed 2d 101 (1972), a case involving the right to a speedy trial

---

[2] The trial court correctly ruled that defendant's testimony at the hearing on his motion to dismiss could not be used against him at trial. *See Simmons v. United States,* 390 US 377, 394, 88 S Ct 967, 19 L Ed 2d 1247 (1968); *State v. Wright,* 266 Or 163, 168 n 2, 511 P2d 1223 (1973).

under the Sixth Amendment to the United States Constitution, the United States Supreme Court identified three types of prejudice to a criminal defendant resulting from pretrial delay: (1) pretrial incarceration, (2) the anxiety and concern of the accused and (3) impairment of the defense. This court adopted that list for the purpose of analyzing the element of prejudice under Oregon Constitution Article I, section 10, in *State v. Ivory,* 278 Or 499, 507-8, 564 P2d 1039 (1977). As we explained in *Haynes v. Burks,* 290 Or 75, 80, 619 P2d 632 (1980): "[U]nlike the sixth amendment, article I, section 10, states not a 'right' of the accused but a mandatory directive not within the disposal of the parties * * *." The elements of an unconstitutional "delay" of a criminal trial under Article I, section 10, are similar to those of a "speedy trial" under the Sixth Amendment, but they are not to be "balanced":

> "The point of the formula is that all relevant criteria be examined and none overlooked or ignored. *State v. Ivory,* 278 Or at 505. The proper disposition in the individual case is not a question of addition and subtraction but of examining the relevance of each element in giving effect to the constitutional guarantee." *Id.* at 81.

We continued:

> "It is apparent that different factors are important to the substance of the constitutional command and to the remedy of dismissal. As already stated, Article I, section 10, addresses the administration of justice and protects interests of the public as well as the rights of defendants. Thus, whether there has been compliance with the constitutional injunction against 'delay' does not itself depend on prejudice to the defendant. Nor does it depend on defendant's demand for a trial. *State v. Vawter,* [236 Or 85, 386 P2d 915 (1963)]. Compliance as such depends on the length of the delay and the reasons for it." *Id.*

As was true in *Ivory,* the only type of prejudice at issue here is the third. Defendant complains of the delay prior to his arrest; he was not incarcerated during that time nor, allegedly, was he aware of the charge against him. And, because we hold that the trial court did not err in striking defendant's allegations that the deceased caseworker would have testified in his favor, he has not demonstrated any actual prejudice to his ability to prepare a defense.

We speak of "actual" prejudice because, as a practical

matter, and despite the foregoing language from *Haynes,* our prior cases all have required in effect that there be some degree of actual prejudice to the ability to prepare a defense to the charge in order to establish a constitutional violation of sufficient magnitude to justify dismissal of the criminal charge. *See, e.g., State v. Dykast, supra,* 300 Or at 378 (18 2/3-month delay did not impair the defendant's ability to defend the charges against him; his additional anxiety and stress were not so great as to require dismissal); *Haynes v. Burks, supra,* 290 Or at 90, (dismissal not warranted where accused, incarcerated for 2 1/2 years while awaiting trial, failed to establish a reasonable possibility that the delay would prejudice her defense); *State v. Ivory, supra,* 278 Or at 506, (10 1/2 month delay prior to arrest on secret indictment "not manifestly excessive or purposely caused"; proof of loss of potentially favorable witnesses, however, required dismissal); *State v. Vawter,* 236 Or 85, 96-7, 386 P2d 915 (1963) (delay of 7 1/2 months did not require dismissal where "no circumstances are shown which indicate that the delay was oppressive or vexatious"). Defendant argues, nevertheless, that, even without a demonstration of actual prejudice, the length of the delay in his case "gave rise to a presumption of a reasonable possibility of prejudice." He asserts that, because the state did not rebut that "presumption," the Court of Appeals erred in affirming his conviction.

The term, "presumptively prejudicial," was first used in *Barker v. Wingo, supra.* There, the Court used the term to describe the role of the "length of delay" factor as a "triggering mechanism":

> "The length of the delay is to some extent a triggering mechanism. Until there is some delay which is *presumptively prejudicial,* there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case." 407 US at 530-31 (footnote omitted; emphasis supplied).

Similarly, under the Oregon Constitution, the length of the delay serves as a triggering mechanism. If the time taken to bring an accused to trial is substantially greater than

the average, inquiry into the remaining two factors is triggered. Beyond justifying the inquiry in the first place, however, we believe that the length of the delay also should be considered in connection with the reasons for the delay and the resulting prejudice to the accused. *See* Rudstein, *The Right to a Speedy Trial: Barker v. Wingo in the Lower Courts,* 1975 U Ill Law F 11 (1975); Uviller, *Barker v. Wingo: Speedy Trial Gets a Fast Shuffle,* 72 Colum L Rev 1376 (1972). For example, the longer the state unjustifiably delays a trial, the more heavily the "reasons for delay" factor weighs in favor of the defendant. Similarly, the longer the defendant must endure pretrial incarceration or anxiety and other forms of personal prejudice, the more the "prejudice to defendant" factor weighs in the defendant's favor. *See Haynes v. Burks, supra,* 290 Or at 81-2. Obviously, length of delay also may be a factor in assessing a defendant's claim that the passage of time has dimmed witnesses' memories or made other evidence unavailable.

Here, defendant's cognizable claim of prejudice is based solely on the length of the delay. This court has suggested that the length of the delay "in some cases may be presumptively prejudicial," thus rendering proof of actual prejudice unnecessary. *State v. Ivory, supra,* 278 Or at 505-6. The court in *Ivory* was referring to the following rule set out in *State v. Vawter, supra,* 236 Or at 96:

> "When the period of time that has elapsed after the defendant is held to answer is of such length as to be manifestly excessive and unreasonable, it may be incumbent upon the state, in order to avoid dismissal of the indictment, to justify the delay * * *."

As *Vawter* and *Ivory* suggest, there may be a point at which the delay is so "manifestly excessive and unreasonable" that the delay itself requires dismissal. The point is not, however, an easy one to reach:

> "Delay in and of itself may be sufficient to establish violation of the constitutional guarantee [of a speedy trial], as, for example, the passing of such a period of time that the thought of ordering the defendant to trial 'shocks the imagination and the conscience.' "

*State v. Vawter, supra,* 236 Or at 96 (citing *United States v. Chase,* 135 F Supp 230, 233 (ND Ill 1955) (involving a pretrial delay of 20 years)).

■     It has not been reached here. In *Haynes v. Burks, supra,* 290 Or at 90, this court held that a pretrial delay of 2 1/2 years did not, without a demonstration of actual prejudice, establish that a fair trial was no longer possible. Admittedly, *Haynes* involved post-arrest delay. The pre-arrest delay involved here is usually more damaging to a defendant's ability to prepare a defense, because he does not know he needs to prepare one. *See State v. Ivory, supra,* 278 Or at 508-9. However, this 16-month delay, while unfortunate, is not so "manifestly excessive and unreasonable," when viewed in isolation, that it "shocks the imagination and the conscience." *See also State v. Dykast, supra,* 300 Or at 377 (18 2/3 month delay, although considerably beyond the norm, was not sufficient, in and of itself, to establish a violation of the defendant's right to a speedy trial).

Nor is this a case in which actual prejudice need not be shown because the state purposely delayed bringing the defendant to trial in order to hamper the defense. *See State v. Ivory, supra,* 278 Or at 505. While the 16-month delay between indictment and arrest in this case was caused by the state, and budgetary restrictions do not justify the state's failure promptly to arrest or otherwise inform a person indicted for a crime that the charge exists and that he should begin to prepare himself to defend against it, *see* ORS 135.035, the delay was not designed to impair the ability of the accused to defend himself, thereby obviating the need for defendant to prove some actual prejudice.

Defendant's claim for dismissal rests solely on the state's conduct in failing to notify him for 16 months after indictment that a charge had been brought against him. Although we do not condone the state's conduct, we do not feel that, on balance, it justifies the drastic remedy of dismissal, absent some showing of actual prejudice. *See Haynes v. Burks, supra,* 290 Or at 83 (suggesting that dismissal is appropriate only in those cases involving extreme delay, purposeful obstruction by the state or irremediable prejudice to the defendant). Defendant's own course of conduct at the hearing kept him from demonstrating any prejudice resulting from the delay. There is nothing else in the case to indicate that the purposes of Article I, section 10 cannot be vindicated except by dismissal of the charge. The trial court did not err in denying his motion to dismiss.

The decisions of the trial court and the Court of Appeals are affirmed.