Argued and submitted January 17, reversed August 5, 1992

## STATE OF OREGON,
*Appellant,*

*v.*

## ROBERT JOSEPH WIRTH,
*Respondent.*

## (90-5343; CA A69966)

835 P2d 952

Ann Kelley, Assistant Attorney General, Salem, argued the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Christian K. Hooley, Seaside, argued the cause for respondent. With him on the brief were William R. Canessa and Campbell, Moberg & Canessa, P.C., Seaside.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

The state appeals from an order dismissing with prejudice a complaint charging defendant with harassment and careless driving. ORS 166.065; ORS 811.135. The trial court dismissed the case with prejudice for lack of a speedy trial. We reverse.

In July, 1990, defendant was charged with harassment and careless driving. After a pre-trial conference on September 21, 1990, the state filed a motion to dismiss the charges on the ground that there was not sufficient evidence to prove either offense. The trial court set the hearing on the motion for January 14, 1991. On January 9, 1991, the newly elected district attorney moved to withdraw the motion to dismiss the harassment charge. The hearing on the withdrawal motion was set for April 22, 1991. At that hearing, on invitation of the court, defendant moved orally to dismiss. The trial court granted the motion and dismissed both charges with prejudice on the ground of denial of a speedy trial.

■ The state challenges the trial court's dismissal of the charges. We review for abuse of discretion. *State v. Daniel*, 98 Or App 695, 697, 780 P2d 784, *rev den* 308 Or 660 (1989). It is difficult to determine the specific basis on which the trial court concluded that defendant had been denied a speedy trial. In making his oral motion for dismissal, defendant did not assert any statutory or constitutional grounds. The trial court made no findings and did not indicate whether it was dismissing on statutory or constitutional grounds. Nevertheless, it is not necessary to remand the case for the trial court to specify the grounds for dismissal, because we conclude that dismissal on either statutory or constitutional grounds would be error. *See State v. Hacker*, 62 Or App 691, 694, 662 P2d 21 (1983).

■■ In reviewing a dismissal for lack of a speedy trial, we examine similar factors under pertinent statutory and constitutional provisions. ORS 135.747; Or Const, Art I, § 10; US Const, Amend VI;[1] *State v. Hacker, supra*, 62 Or App at 694.

---

[1] ORS 135.747 provides:

"If a defendant charged with a crime, whose trial has not been postponed upon his application or by his consent, is not brought to trial within a reasonable

The factors are (1) the length of the delay, (2) the reasons for the delay and (3) the prejudice to the defendant as a result of the delay. *State v. Mende*, 304 Or 18, 21, 741 P2d 496 (1987).[2]

■ Here, the delay between arraignment and dismissal was nine months, a length that triggers an inquiry into the other factors. *See State v. Mende, supra*, 304 Or at 24. The reasons for the delay are not in dispute. Defendant was charged in July, 1990. An initial hearing was held in September, and the state then filed its motion to dismiss. The court set the motion to be heard in January, 1991. The state moved to withdraw its motion before the hearing, and a hearing on that motion was set three months later in April, 1991. Because most of that delay was attributable to the state's change of position in the case, it does weigh against the state. However, it does not weigh heavily in this instance because there is no indication that the state's actions were intentionally used as a vehicle for delay. *See State v. Hacker, supra*, 62 Or App at 695.

■ The final factor to be considered is prejudice to defendant. Generally, three types of prejudice have been identified as potential results of pretrial delay: (1) incarceration, (2) anxiety over the public accusation and (3) impairment of the defense. *State v. Ivory*, 278 Or 499, 507, 564 P2d 1039 (1977). Defendant does not specifically assert that any of those has occurred. His argument appears to be that the length of the delay here was presumptively prejudicial.

period of time, the court shall order the accusatory instrument to be dismissed."
Article I, section 10, provides:

"No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation * * *."

The Sixth Amendment provides:

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *."

[2] Analysis under Article I, section 10, differs somewhat from analysis under the Sixth Amendment in that section 10 does not require consideration of whether and when a defendant has demanded a speedy trial. As explained in *State v. Mende, supra*, 304 Or at 22, Article I, section 10, unlike the Sixth Amendment, does not provide a right of the accused but is a mandatory directive.

■    As explained in *State v. Mende, supra*, there are delays that are so "manifestly excessive and unreasonable" that the length of time itself may require dismissal.

> "Delay in and of itself may be sufficient to establish violation of the constitutional guarantee [of a speedy trial], as, for example, the passing of such a period of time that the thought of ordering the defendant to trial 'shocks the imagination and the conscience.' " 304 Or at 24. (Citations omitted.)

The delay here was neither "manifestly excessive" nor "unreasonable" and, accordingly, it was not presumptively prejudicial. After considering the pertinent factors, we conclude that there was no basis on which to dismiss this case for lack of a speedy trial and that the trial court abused its discretion in granting defendant's motion.

Reversed.