Argued and submitted October 28, 1992, affirmed September 22, 1993, reconsideration denied January 12, petition for review denied March 1, 1994

(318 Or 459)

# STATE OF OREGON,
*Respondent,*

*v.*

# WILLIAM E. DUNN, III,
*Appellant.*

## (C8303-31511; CA A71780)

859 P2d 1169

Mary M. Reese, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Kaye E. Sunderland, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

**DEITS, J.**

Defendant appeals from an order revoking his probation. He assigns as error the trial court's denial of his motion to dismiss the state's allegations of a probation violation on the ground that the delay in holding a show cause hearing deprived him of his right to justice without delay and violated his due process rights. We affirm.

In 1984, defendant pleaded guilty to first degree theft. ORS 164.055. Execution of a five-year sentence was suspended, and he was placed on probation for five years. As conditions of his probation, he was to remain under the supervision of the probation department and obey all laws, municipal, county, state and federal. ORS 137.540(1)(a); ORS 137.540(1)(j). On August 15, 1985, defendant was convicted of three federal crimes. He was sentenced on one count and received a five-year probationary term on the remaining two counts. On April 18, 1988, his probation officer filed a report alleging that defendant was in violation of his probation because he did not make himself available for supervision. A warrant was issued on April 20, 1988. The warrant was not immediately executed, because defendant had absconded. On February 10, 1989, defendant was sentenced in California to prison for two years following his conviction for grand theft. On February 16, 1990, California released him to federal custody to serve a sentence imposed after his federal probation was revoked.

In August, 1990, while in federal prison, defendant requested a prompt disposition of all untried indictments, informations, or complaints from the Multnomah County District Attorney's Office. That request was denied. In February, 1991, defendant requested that the Multnomah County Circuit Court order a probation revocation hearing. That request was also denied. On July 23, 1991, defendant was released from federal custody, transported to Multnomah County and served with the April 20, 1988 warrant. He was arraigned on the probation violation charge on August 1, 1991. On August 29, 1991, his probation was revoked and his suspended sentence was executed.

Defendant assigns error to the trial court's denial of his motion to dismiss the allegations of the probation violations. He argues that, in violation of Article I, section 10, of

the Oregon Constitution,[1] the state created an unreasonable delay by not obtaining physical custody of him and proceeding with a probation revocation hearing after he had requested prompt disposition of the charges against him. Defendant argues that he was prejudiced by the delay because he had a statutory entitlement to serve any sentence that he might receive on the probation violation concurrently with his federal sentence. Defendant also argues that the state's delay violated his due process rights under the Fourteenth Amendment to the United States Constitution.[2]

■    Determining whether a delay in a hearing is a violation of Article I, section 10, involves consideration of: (1) the length of the delay; (2) the reason for the delay; and (3) the prejudicial effect of the delay. *State v. Mende*, 304 Or 18, 741 P2d 496 (1987). As a threshold matter, the parties disagree over the date from which the delay should be measured. Defendant argues that the length of the delay should be measured from the date that the warrant was issued, April 20, 1988, or, at the very least, from the date on which he first asked for a probation revocation hearing, in February of 1991. The state argues that the delay should be measured from the date that the warrant was executed, July 31, 1991. The probation revocation hearing was held August 29, 1991. It is unnecessary to decide what date should be used, however, because, even assuming that the delay should be measured from the date that the arrest warrant was issued, defendant has not proved a violation of Article I, section 10.

■    The delay between the issuance of the warrant and the probation revocation hearing was almost three years. That delay is long enough to trigger further inquiry. *See, e.g., State v. Wirth*, 114 Or App 496, 835 P2d 952 (1992). However, only part of the delay was attributable to the state. Before the

---

[1] Article I, section 10, provides:

"No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay, and every man shall have remedy by due course of law for injury done him in his person, property, or reputation."

[2] The Fourteenth Amendment reads, in pertinent part:

"[N]or shall any State deprive any person of life, liberty, or property, without due process of law[.]"

warrant was issued, defendant had absconded from supervision. Indeed, the probation violation charge was made on the basis of defendant's failure to make himself available for supervision. Unbeknownst to the state, defendant was incarcerated in California. In February, 1990, defendant was transferred to federal custody for violation of his federal probation. The state was unaware of defendant's whereabouts until he asserted his right to a speedy disposition of the charges against him, in August, 1990. Accordingly, the delay before August, 1990, was caused by defendant's abscondence and is not attributable to the state.

■■ Assuming, without deciding, that the delay between August, 1990, and execution of the warrant on July 23, 1991, is attributable to the state because of its failure to seek custody of defendant, we nonetheless conclude that defendant was not prejudiced by the delay. Generally, a defendant must demonstrate actual prejudice to prove a violation of Article I, section 10. *See State v. Mende, supra*, 304 Or at 24. In some circumstances, however, the length of delay may be so excessive that it is presumptively prejudicial. *See State v. Mende, supra*, 304 Or at 24. Here, however, the one-year delay is not so excessive as to be presumptively prejudicial.

■ In analyzing the element of prejudice, we consider the following types of prejudice that a criminal defendant may suffer: (1) pre-trial incarceration; (2) anxiety and concern; and (3) impairment of the defense. *State v. Mende, supra*, 304 Or at 22. Here, defendant does not contend that the delay impaired his defense, and his incarceration was not the result of the unexecuted warrant, but rather resulted from his subsequent conviction of another crime. Defendant's argument is that he was prejudiced by the delay because it deprived him of the right to concurrent sentences, thereby lengthening the term of his incarceration. He asserts that ORS 137.550(4)(a)(A)[3] gives him the right to a concurrent sentence.

---

[3] ORS 137.550(4)(a) provides, in part:

"For defendants sentenced for felonies committed prior to November 1, 1989, and for any misdemeanor, the court that imposed the probation, after summary hearing, may revoke the probation:

"(A) If the execution of sentence has been suspended, the court shall cause the sentence imposed to be executed."

■ Defendant is correct that, if the probation revocation hearing had been commenced while he was in federal custody and the trial court had executed the suspended sentence, the state sentence would have been concurrent to his federal sentence. ORS 137.550(1)(a); *see State v. Stevens*, 253 Or 563, 456 P2d 494 (1969). He is not correct, however, that ORS 137.550 gives him a *right* to concurrent sentences. Rather, it simply gives him an opportunity for concurrent sentences under appropriate circumstances. The trial court's authority regarding the revocation of defendant's probation and the execution of the suspended sentence is discretionary. The court may execute the suspended sentence, continue the probation, modify the conditions of probation, or extend probation. ORS 137.010(4); ORS 137.540(7); ORS 137.550 (1)(a); *see State v. Stanford*, 100 Or App 303, 786 P2d 225 (1990). It could have done so even without finding defendant in violation of his probation. *See State v. Stuve*, 111 Or App 197, 826 P2d 24, *rev den* 313 Or 300 (1992). Defendant did not have a right to a particular disposition of the allegations against him.[4]

■ Further, had defendant not absconded from Oregon, the warrant could have been executed without delay and there would have been no issue as to concurrent sentences because defendant had not yet committed the acts that resulted in his imprisonment in California. Certainly, a defendant should not be able to create additional rights by absconding from supervision and committing more criminal acts. Because defendant only had an opportunity for concurrent sentences and that opportunity was created by his own abscondence, not a statutory entitlement, he has not proved constitutionally significant prejudice caused by the state's delay. Accordingly, the trial court did not err in denying defendant's motion to dismiss on the basis of Article I, section 10, of the Oregon Constitution.

■ Defendant also argues that the state's delay worsened the conditions of his custody. The state concedes, for purposes of this appeal, that defendant's conditions of incarceration were affected by the outstanding warrant. Because

---

[4] Before these allegations of a probation violation defendant had twice been found in violation of his probation, and his probation was continued both times.

the state's warrant was lodged with the federal prison, defendant alleges that he was prohibited from participating in community custody programs, half-way house placements, furloughs and educational opportunities. Again, however, defendant's alleged prejudice is not of constitutional significance. The above conditions of incarceration are subject to the discretion of the prison officials. Defendant did not have an entitlement to those improved conditions of incarceration subject to the protection of either the state or federal constitution. *See Moody v. Daggett*, 429 US 78, 87, 97 S Ct 274, 50 L Ed 2d 236 (1976).

■      Defendant also argues that the state's delay violated his due process rights under the Fourteenth Amendment. In *Moody v. Daggett, supra*, the Court held that there is no constitutional duty to provide a parole hearing until the individual is taken into custody as a parole violator. The Court reasoned that the defendant's loss of liberty before execution of the warrant was not due to the alleged violation of parole, but rather from his conviction of additional crimes while on parole. Additionally, the Court noted that information regarding the defendant's behavior while incarcerated would be highly relevant to a determination of whether to revoke parole. The same reasoning applies here. The state had no duty under the federal constitution to provide defendant with a probation revocation hearing, until it executed its warrant.

The defendant in *Moody* also argued that the state deprived him of a protected liberty interest, because the state's delay potentially increased the length of his incarceration, because he lost the opportunity to serve concurrent sentences. The Court held that the defendant did not have an entitlement to concurrent sentences and that the opportunity to serve concurrent sentences did not create a protected liberty interest. Defendant argues that this case differs from *Moody*, because he has a statutory right to concurrent sentences. As we have explained, the statute does not give defendant such a right. Defendant's claim under the Fourteenth Amendment also is without merit. *Moody v. Daggett, supra.* The trial court did not err in denying defendant's motion to dismiss.

Affirmed.