Argued and submitted March 30, reversed and remanded May 10, petition for review
denied July 5, 1995 (321 Or 340)

# STATE OF OREGON,
*Appellant,*

*v.*

# LISA GEHRKE-YOUNG,
*Respondent.*

(92-7048; CA A84617)

894 P2d 1239

David E. Leith, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Andy Simrin, Deputy Public Defender, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

The state appeals the trial court's dismissal of a citation charging defendant with driving under the influence of intoxicants (DUII). ORS 138.060(1). The trial court dismissed the charges with prejudice for lack of a speedy trial, pursuant to Article I, section 10, of the Oregon Constitution.[1] We reverse.

On March 9, 1992, defendant was cited for DUII. She was arraigned, and counsel was appointed for her on March 30. At that time, a hearing to enter a plea was scheduled for April 20, 1992. Before the hearing, defendant pled not guilty by letter. On September 22, 1992, defendant requested a new attorney, and the court granted the request. Defendant then moved for a continuance to allow her new counsel time to prepare for trial. The court granted defendant's motion and reset the trial for March 10, 1993. In early March, defendant again moved for a continuance, because a defense witness was unavailable to testify. The court granted the motion and reset the trial for August 18, 1993.

Before the August 18 trial date, the state moved for a continuance because the arresting officer was unavailable to testify due to illness. The court granted the state's motion and reset the trial date for October 26, 1993. On September 28, the trial court granted defendant's request to allow her counsel to withdraw. It then appointed defendant's third counsel. On October 6, 1993, defendant moved again for a continuance to allow her new counsel time to prepare for trial. On November 3, 1993, the court reset the trial date to May 19, 1994.

On May 9, 1994, defendant moved to dismiss the case on the ground that her right to a speedy trial had been violated.[2] The trial court granted the motion, and the state

---

[1] Article I, section 10, provides, in part:

"No court shall be secret, but justice shall be administered openly and without purchase, completely and without delay * * *."

[2] Before the trial court, defendant argued that she was entitled to dismissal for lack of a speedy trial under ORS 135.747 and under Article I, section 10. The trial court denied defendant's motion on the statutory ground. Defendant does not make a cross-assignment challenging that ruling.

appealed. We review the trial court's ruling as a question of law.[3]

■ ■ In determining whether an accused has been deprived of the right to a speedy trial under section 10, we consider the length of delay, the reasons for the delay and the resulting prejudice to the accused as a result of the delay. *State v. Mende*, 304 Or 18, 21, 741 P2d 496 (1987). Under *Mende*, if the time taken to bring an accused to trial is substantially greater than the average, inquiry into the remaining two factors is triggered. *Id.* 23-24. The state concedes that the overall delay of the trial of 26 months in this case is adequate to trigger inquiry into the reasons for the delay and the prejudice, if any, resulting from the delay.

The trial court found that most of the delay in this case was attributable to defendant, although the state concedes that it was responsible for some of the delay.[4] Nonetheless, defendant says:

"The record does show that most of the pre-trial delay occurred during continuances that were requested by defendant's attorneys. The state does not proffer any explanation as to why the trial court issued postponements of such vast magnitude despite the fact that none of the motions made requests for specific amounts of time. The state does not point to any portion of the record that would reveal whether defendant acquiesced to such lengthy delays, whether she

---

[3] The parties disagree over the standard of review to be applied in this case. Defendant argues that we review the trial court's determination for an abuse of discretion. An "abuse of discretion" occurs when a court exercises its discretion in a manner not justified by reason and the evidence. *Casciato v. Oregon Liquor Control Com.*, 181 Or 707, 715, 185 P2d 246 (1947). In *State v. Wirth*, 114 Or App 496, 835 P2d 952 (1992), a speedy trial case, we said "we review for an abuse of discretion." *Id.* at 498. We also cited *State v. Hacker*, 62 Or App 691, 662 P2d 21 (1983), in which we said:

"An appellate court is not bound by a finding that defendant has or has not been brought to trial within a reasonable time, if that ultimate conclusion is not supported *as a matter of law* by the facts. *See State v. Warner*, 284 Or 147, 157-59, 585 P2d 681 (1978). Thus, although there may be findings of historical fact involved in the consideration of each *Barker* [*v. Wingo*, 407 US 514, 92 S Ct 2182, 33 L Ed 2d 101 (1972)] factor, *State v. Ivory*, [278 Or 499, 508 n 7, 564 P2d 1039 (1977)] *the ultimate conclusion as to reasonableness or lack thereof is reviewable as a question of law.*" 62 Or App at 697. (Emphasis supplied.)

[4] It points out correctly that, of the 20-month delay between the initial trial date and the final trial date, approximately two and one-half months were attributable to it.

was in court when they were requested or whether she was even consulted regarding them.''

We are not persuaded by defendant's argument. The record indicates that defendant participated in the decisions to remove her first two appointed attorneys. Moreover, there is no evidence that defendant ever objected to the length of the continuances granted by the trial court. Most of the delay resulted from the substitution of those attorneys and the accompanying continuances necessary to allow them time to prepare for trial. In addition, there is no indication that the 10-week delay caused by the state's actions was intended by the state to impair defendant's ability to defend herself.[5]

■ The next factor to be considered is whether defendant was prejudiced by the delay. A defendant may suffer three types of prejudice as a result of a trial delay: (1) excessive pretrial incarceration; (2) anxiety; and (3) impairment of the defense. *State v. Ivory*, 278 Or 499, 507, 564 P2d 1039 (1977). Defendant was not incarcerated during the pendency of this action. However, she argues that she experienced anxiety and nervousness as a result of the pending charges. There is no evidence that defendant suffered any greater distress than is typical of any person facing criminal charges. Moreover, defendant's emotional reaction to the delay must be viewed in the light of the reasons for it, most of which are attributable to her.

Defendant also argues that she has suffered ''actual'' prejudice to her ability to prepare a defense. She claims that as a result of the delay, two witnesses who had been with her on the night of her arrest are no longer available to testify. However, she makes no showing that the witnesses are unavailable because of the delay attributable to the state. The record demonstrates that the witnesses became unavailable after defendant's third appointed counsel had requested a continuance to prepare for trial. Moreover, it is questionable whether the witnesses are essential to her defense. At the hearing on the motion to dismiss, defense counsel said that

---

[5] The trial court found:

"Again, I want to make it clear that there was no misconduct or intentional delay on behalf of the state. In fact, I believe the majority of the delay was caused by the request or with the consent at least of [defendant].''

the missing witnesses were with defendant on the night that she was arrested. He did not say that there were no other witnesses who could testify to the same facts.

In summary, we have considered all of the factors relevant to defendant's claim that she was denied a speedy trial under section 10. The bulk of the delay in this case resulted directly from her request to change counsel and the accompanying continuances necessary to allow each new attorney an opportunity to prepare for trial. The prejudice that defendant claims to have suffered stems directly from the delay that is attributable to her. After considering the pertinent factors, we conclude that the trial court erred in concluding that defendant had not been brought to trial within a reasonable time.

Reversed and remanded.