Argued March 19, reversed and remanded April 7, reconsideration denied April 30, petition for review denied May 20, 1975

STATE OF OREGON, *Appellant, v.* KEITH
SHEPHERD (No. C 74-07-2326 Cr), *Respondent.*

533 P2d 353

*W. Michael Gillette,* Solicitor General, Salem, argued the cause for appellant. With him on the brief was Lee Johnson, Attorney General, Salem.

*Phillip M. Margolin,* Portland, argued the cause for respondent. With him on the brief were Nash and Margolin, Portland.

Before Schwab, Chief Judge, and Foley and Thornton, Judges.

THORNTON, J.

The sole issue presented for our decision is whether the action of the circuit court in dismissing the instant criminal prosecution with prejudice constituted an abuse of discretion.

The state appeals from an order of the trial judge, who on his own motion, dismissed with prejudice the case against defendant. The state contends that under the circumstances of the case the circuit court abused its discretion in dismissing the case.

The essential facts are as follows:

Prosecution in this case was commenced in the district court where defendant was charged by a district attorney's information with the crime of Unauthorized Use of a Vehicle. Thereafter defendant was bound over from district court to circuit court. Defendant had orally waived his right to a grand jury indictment. The record indicates that defendant had negotiated a plea with the Multnomah County District Attorney.

On August 28 1974, at 9:30 a.m., defendant appeared in circuit court for arraignment. Several deputy district attorneys were present but none of them was prepared to handle defendant's case. One of the deputies present informed the court that there had been a mix-up and defendant's file was missing, but that it had been requested. He further explained that he was unable to accept a plea without the file. At that point (10:01 a.m.) the court recessed in order to give the prosecution time to locate defendant's file.

The trial court reconvened at 10:23 a.m. Defense counsel explained to the court that he had been

in contact with someone in the district attorney's office who explained that he had not found the file, but that he was still trying to locate it and would come into court as soon as possible. Defense counsel further suggested that the proceedings should continue and that the waiver of indictment could be put into the record. A deputy district attorney objected to continuing the matter without having the defendant's file in court, and without a written waiver of indictment signed by defendant. The deputy then requested that the matter be taken up before lunch. The trial court stated that this was not acceptable, and announced that it must proceed with the matter, stating:

"I think we have waited long enough to let the State prepare for this. I am simply going to dismiss the thing on the Court's motion.

"It isn't even apparent whether the State has a case, and no one is willing to assume responsibility for the case.

"The case will be dismissed in the interest of justice on the Court's motion, with prejudice."

Following this, the state caused an indictment to be returned by the grand jury on an identical charge. On September 5, 1974, the state sought to arraign defendant on this indictment. Defense counsel thereupon moved for a dismissal of the indictment on the ground that the prior information concerning the same incident was dismissed with prejudice. The trial court dismissed the indictment with prejudice. The state appeals from both dismissals.

It is without question that a trial court, either on its own motion or upon the motion of the district attorney, has the authority to dismiss a proceeding "in furtherance of justice."[1] The question for our

---

[1] ORS 135.755 provides:

"The court may, either of its own motion or upon the

decision is whether a delay such as that shown to have occurred in the case at bar is an appropriate ground on which to dismiss a proceeding. We find that it is not.

■ This court has consistently held that dismissal is a drastic remedy which is to be reserved for severe situations. *State v. Willingham,* 13 Or App 504, 510 P2d 1339 (1973); *State v. Jones,* 18 Or App 343, 525 P2d 194, Sup Ct *review denied* (1974). As we stated in *Jones,* at 346, dismissal frustrates the public right, and must, therefore, be limited to the most severe situations.

While the delay here inconvenienced both the court and defendant, we are unable to agree that the circumstances would justify frustrating the public's right to have the charge against defendant prosecuted.

■ No question of encroachment upon defendant's right to a speedy trial is presented. We perceive no prejudice to defendant's rights. Nor is there any evidence of bad faith on the part of the district attorney's office. The record discloses that a file was misplaced; that the deputy district attorneys present in court declined to proceed without the appropriate file; and that reasonable efforts were made to find the file and send it to court. These circumstances did not warrant dismissal.

Reversed and remanded.

---

application of the district attorney, and in furtherance of justice, order the proceedings to be dismissed; but in that case, the reasons of the dismissal shall be set forth in the order, which shall be entered in the journal."