Argued August 23, affirmed September 7, reconsideration denied
October 20, petition for review denied November 23, 1976

STATE OF OREGON, *Respondent,*
*v.*
RUDOLPH J. MISTEN, *Appellant.*
(Nos. C 75-07-2321 Cr and C 75-07-2322 Cr, CA 6271)

554 P2d 584

*Donald W. Andrews,* Portland, argued the cause for appellant. With him on the brief were Elliott & Andrews, Portland.

*Thomas H. Denney,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Lee, Judge, and Sloan, Senior Judge.

SLOAN, S. J.

## SLOAN, S. J.

The trial court denied defendant's motion to dismiss on the grounds of double jeopardy. The motion was based on the following undisputed facts:

Defendant was charged with driving under the influence of alcohol and with driving a vehicle having .15 percent or more by weight of alcohol in his blood. The case was before the circuit court on appeal from a conviction on both charges following a trial in the district court.

In the morning before trial commenced, court and counsel were told that each of four police officers, who were essential witnesses for the prosecution, was assigned important functions in providing police protection to the President of the United States who was due to arrive in Portland that afternoon. The police officer witnesses had been ordered by their superior officers to be at their assigned duties at 3 p.m. that afternoon. The deadline was known to court and counsel when the trial started.

As the hour of 3 p.m. approached it became apparent that the police officers would not have time to testify before they were scheduled to be at their posts of duty. The court called a recess to consider what action it should take. In the proceeding that followed the court was told that the four officers were part of a group of 12 Portland police officers assigned to the primary duty of protecting the President and members of the President's staff. The officers' assignments were not routine. The duties included the likelihood of driving the President's car or the cars of staff members accompanying the President, serving as escorts, and other duties. The court concluded that it would be unwise for the court to order the officers to remain in court. Defendant objected to a continuance of the case until the next morning. The court stated he had another case assigned to him for trial on the next day and that a continuance until the next day, therefore, would be difficult in any

[ 683 ]

event. The court then on its own motion declared a mistrial and dismissed the jury. Defendant objected to the allowance of a mistrial unless the case were dismissed. The court denied the motion to dismiss. At no time did the state ask for a mistrial.

In *State v. Embry,* 19 Or App 934, 530 P2d 99 (1974), Sup Ct *review denied* (1975), we held that state protection against double jeopardy as it relates to the direction of a mistrial and subsequent retrial (ORS 131.525; Art I, § 12, Oregon Constitution) was the equivalent of federal standards. *Embry* was a case involving a retrial of defendant following a prior order of mistrial. In *Embry,* in stating general guidelines to apply to the mistrial situation, we said:

> "A trial judge, then, is not to foreclose the defendant's option to go to the jury unless he reasonably concludes that the ends of public justice cannot be served by a continuation of the proceedings. It is impossible and undesirable to formulate mechanical rules by which to judge the propriety of declaring a mistrial under a given set of circumstances. Rather, each case must be evaluated on its own particular facts. *United States v. Jorn, supra,* 410 US at 474, 480, 485; *Illinois v. Somerville,* 410 US 458, 462, 93 S Ct 1066, 35 L Ed 2d 425 (1973). We must decide, therefore, whether, on the facts before him in this case, the trial judge properly concluded within the bounds of sound judicial discretion, that the ends of justice would not be served by a continuation of the proceedings." 19 Or App at 941.

An analysis of the opinions in *Illinois v. Somerville,* 410 US 458, 93 S Ct 1066, 35 L Ed 2d 425 (1973), causes us to conclude that the trial court, in this peculiar situation, did not abuse its discretion. In the face of defendant's objection to a continuance, the only alternative both available to the court and acceptable to the defendant was to compel the officers to remain in court. That alternative the court found was unacceptable in view of the duties assigned to these officers. And, this is obviously not the type of case that lends itself to prosecution "manipulation," emphasized in *Illinois v. Somerville, supra.*

Defendant would have us follow a rule adopted by the Ninth Circuit Court of Appeals in *Cornero v. United States,* 48 F2d 69, 74 ALR 797 (9th Cir 1931). That case supports defendant's contention that an absence of witnesses can never justify an order of mistrial. In *Wade v. Hunter,* 336 US 684, 69 S Ct 834, 93 L Ed 974 (1949), however, the Supreme Court specifically rejected such a "rigid formula" as adopted by the *Cornero* case. This was followed and quoted in *Illinois v. Somerville,* supra, 410 US at 462.

It would, perhaps, have been wiser for the court to have ordered a continuance until the next day but, at the moment of decision, that did not appear to be an acceptable alternative in the face of the objections expressed. When the court was confronted with the unique circumstances of this case, there was justification for the court to conclude that, at that time, it was "physically impossible to proceed with the trial in conformity with law," ORS 131.525(2)(a), and that there was then a "manifest necessity" to order a discontinuance. *Illinois v. Somerville, supra.*

A caveat should be stated. The decision cannot be considered as a precedent for every case in which the problem of excusing witnesses presents itself. This case is decided strictly on the basis of the particular facts and considerations, as revealed by the complete record, presented to the trial court at the time of decision.

Affirmed.