Submitted January 21, reversed and remanded February 8, 1977

STATE OF OREGON, *Appellant,*
*v.*
FRED VINCENT SHARP, *Respondent.*
(No. C 76-06-08847, CA 7004)
559 P2d 930

Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and Thomas H. Denney, Assistant Attorney General, Salem, filed the brief for appellant.

No appearance for respondent.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

[ 429 ]

**TANZER, J.**

The state appeals an order of the circuit court affirming an order of dismissal by the district court of a charge of failure to yield right of way. Defendant did not appear in circuit court or here.

Defendant's district court trial was set for 3:00 on the afternoon of May 19, 1976. On that day, the President of the United States visited Portland and the Portland Police Bureau was required to provide security for the presidential party.[1] As a result, the presiding judge of the district court for Multnomah County ordered that all traffic offense trials scheduled for that day be reset.

About 2 p.m. on May 19, the officer who had cited defendant and who had not been required to participate in the presidential security detail, appeared in the courtroom of the judge to whom the case had been assigned for trial. He was advised by the judge that defendant's case, and at least one other in which the officer was involved, had been set over and that he was excused from further attendance on the court.

Subsequently, the judge discovered that defendant, who apparently had not been notified of the setover, had come to court and had missed some work as a result. The judge thereupon inquired into the question of defendant's inconvenience in appearing for trial and dismissed the case on his own motion, over the state's objection.

On appeal, the circuit court dismissed the case "in furtherance of justice" pursuant to ORS 135.755.[2] The reason given by the circuit court for dismissal was that

---

[1] In *State v. Misten,* 26 Or App 681, 554 P2d 584, *rev den* (1976), this Court was presented with a different problem arising out of the same presidential visit.

[2] ORS 135.755 provides:

"The court may, either on its own motion or upon the application of the district attorney, and in furtherance of justice, order the proceedings to be dismissed; but in that case, the reasons of the dismissal shall be set forth in the order, which shall be entered in the journal."

the defendant had spent a day in court and lost a day's pay, which would exceed any penalty which might be imposed. The district court order, however, recited no such fact and the deputy district attorney represented to the circuit court only that the defendant had missed "some work" in order to appear in court at 3 p.m.

The discretion authorized by ORS 135.755 is not absolute. It is to be applied within the bounds of legal principles. No speedy trial issue is presented. Defendant has not been harassed. The inconvenience suffered by the defendant was not great. His loss of pay, whatever that may have been, should be taken into account in the imposition of a penalty if he is convicted. The setover was caused by an unfortunate accident of judicial administration and modern life. There was no fault of the prosecution to suggest the need for prophylaxis.

Dismissal is a severe action with the possibility of unforeseen consequences to the unseen public. The public's right to enforce the traffic law could have significance beyond this case if defendant is a multiple offender or if civil litigation arises from the same facts. While it would take less in a traffic case than in a more grievous criminal case to tip the scales of justice in favor of a defendant, we hold in this case as we did in *State v. Shepherd,* 21 Or App 52, 55, 533 P2d 353, *rev den* (1975), that there is not enough on the defendant's side of the scales to "justify frustrating the public's right to have the charge against defendant prosecuted." Therefore, the dismissal was beyond the range of discretion.

Reversed and remanded for trial.