SCHWAB, C. J.
On May 29, 1976, defendant was charged with failure to leave his name and address at the scene of an accident, ORS 483.602, and with driving while under the influence of intoxicating liquor, ORS 487.540. The state appeals from a dismissal of both charges on the ground that dismissal constituted an abuse of discretion.[1] We agree with the state.
The offenses which gave rise to the charges occurred on May 28, 1976. At his first appearance in district court on June 16,1976, defendant requested a jury trial which was set for October 27, 1976. On October 26, 1976, defendant requested a set-over to February 2, 1977, which was allowed. On February 1, 1977, defendant requested that the trial be set over to March 2, 1977. Although the state was ready to proceed to trial, it did not object, and the defendant’s request for set-over until March 2 was allowed. At that time the state did not realize that an indispensable witness, the arresting officer, was leaving the state on February 9, 1977, for military duty and would not return until July 1977. When the state discovered this on February 11, 1977, which was after the officer had left, it immediately moved for a continuance until July under ORS 136.070.[2] The then-presiding judge refused to grant a postponement, but rather than himself dismissing the cases when he had been told that the state could not go to trial until July, he ultimately assigned them out for trial on May 26 — in effect, *[1096] directing the trial judge to whom they were assigned to dismiss both cases. The trial judge did, and it is from his orders, entered at the instance of the then-presiding judge, that the state appeals.
What we said in State v. Sharp, 28 Or App 429, 559 P2d 930 (1977), is applicable here and we reiterate it:
"Dismissal is a severe action with the possibility of unforeseen consequences to the unseen public. The public’s right to enforce the traffic law could have significance beyond this case if defendant is a multiple offender or if civil litigation arises from the same facts. While it would take less in a traffic case than in a more grievous criminal case to tip the scales of justice in favor of a defendant, we hold in this case as we did in State v. Shepherd, 21 Or App 52, 55, 533 P2d 353, rev den (1975), that there is not enough on the defendant’s side of the scales to 'justify frustrating the public’s right to have the charge against defendant prosecuted.’ Therefore, the dismissal was beyond the range of discretion.” 28 Or App at 432.[3]
Reversed and remanded.

ORS 136.120 provides:
"If, when the case is called for tried, the defendant appears for trial and the district attorney is not ready and does not show any sufficient cause for postponing the trial, the court shall order the accusatory instrument to be dismissed, unless, being of the opinion that the public interests require the accusatory instrument to be retained for trial, the court directs it to be retained.”

ORS 136.070 provides:
"When a case is at issue upon a question of fact and before the same is called for trial, the court may, upon sufficient cause shown by the affidavit of the defendant or the statement of the district attorney, direct the trial to be postponed for a reasonable period of time.”

Defendant’s reliance on State v. Martin, 25 Or App 517, 550 P2d 462, rev den (1976), is misplaced. In Martin there was no. claim, as there is here, that the order of dismissal constituted an abuse- of discretion.