Argued and submitted January 26, reversed and remanded March 16, 1981

## STATE OF OREGON,
*Appellant,*

*v.*

## GARY ARTHUR BETHUNE,
*Respondent.*

(No. DA 185678, CA 18577)

624 P2d 1113

James E. Mountain, Jr., Assistant Attorney General, Salem, argued the cause for appellant. On the brief were James M. Brown, Attorney General, John R. McCulloch, Jr., Solicitor General, William F. Gary, Deputy Solicitor General, and Robert C. Cannon, Assistant Attorney General, Salem.

Daniel C. Lorenz, Portland, waived appearance for respondent.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

YOUNG, J.

## YOUNG, J.

Defendant is charged with the traffic crime of driving while under the influence of intoxicants, ORS 487.540, as enhanced by ORS 484.365, a class A misdemeanor. The state appeals from a district court order dismissing the charge "in furtherance of justice," pursuant to ORS 135.755.[1] We reverse.

Defendant was issued a traffic citation December 7, 1979. Trial was set for February 21, 1980. Defendant was granted a continuance, and trial was re-set to March 14, 1980. Defendant was granted a second continuance. Trial was scheduled again for April 14, 1980, at which time the parties appeared, ready for trial. No judge or courtroom was available. The trial was continued a third time to June 11, 1980. When June 11 rolled around, the defendant appeared; the state did not.[2]

Defendant moved to dismiss for lack of speedy trial. The trial judge rejected that ground and dismissed the charge pursuant to ORS 135.775, because the defendant had been ready for trial on two occasions (April 14 and June 11), and, through no fault of his, there had been no trial. On the record before us, there was no statutory or constitutional issue of lack of speedy trial.[3] The question requiring resolution is whether the trial judge abused his discretion in dismissing the case.

This court has held on a number of occasions that dismissal is a drastic remedy to be reserved for severe situations. Dismissal frustrates the public's interest in the orderly administration of criminal justice. *State v. Shepherd,* 21 Or App 52, 533 P2d 353 (1975).

---

[1] ORS 135.755 provides:

> "The court may, either of [sic] its own motion or upon the application of the district atttoney, and in furtherance of justice, order the proceedings to be dismissed; but in that case, the reasons of the dismissal shall be set forth in the order, which shall be entered in the journal."

The statute applies to district court proceedings. ORS 46.800(1). *State v. Caruso,* 289 Or 315, 318, 613 P2d 752 (1980).

[2] The state's failure to appear was unintentional. The district court administrator's office failed to put the case on the trial docket for June 11, 1980.

[3] The Oregon speedy trial statute is ORS 135.747. The state and federal constitutional requirements are: Or Const, Art I, § 10; US Const, Amend VI.

In this case, trial was continued at defendant's request on two occasions. Clerical error in the court administrator's office resulted in two additional delays. Defendant, in the affidavits annexed to his motion to dismiss, does not set forth anything other than frustration and inconvenience caused by the delays. He recites the *possibility* of unavailability of witnesses at another trial. (We cannot determine if the witnesses were under subpoena by defendant.) Defendant, his attorney and the court were no doubt "frustrated and inconvenienced." However, that alone does not justify frustrating the public interest by dismissing a major traffic crime. There is no evidence that the defendant's rights have been prejudiced.

This court, in *State v. Hansen,* 37 Or App 461, 587 P2d 508 (1978), said,

> " 'Dismissal is a severe action with the possibility of unforeseen consequences to the unseen public. The public's right to enforce the * * * law could have significance beyond this case if defendant is a multiple offender or if civil litigation arises from the same facts. While it would take less in a traffic case than in a more grievous criminal case to tip the scales of justice in favor of defendant, we hold in this case as we did in *State v. Shepherd,* 21 Or App 52, 55, 533 P2d 353, *rev den* (1975), that there is not enough on the defendant's side of the scales to "justify frustrating the public's right to have the charge against defendant prosecuted." ' *State v. Sharp,* 28 Or App 429, 432, 559 P2d 930 (1977)."

The scales are not tipped in favor of defendant. The dismissal exceeded the bounds of discretion.

Reversed and remanded for trial.