## STATE OF OREGON,
*Respondent,*

*v.*

## LARRY DREW HARGREAVES,
*Appellant.*

(CC86-1143, CC86-1144;
CA A43177 (Control), A43178)
(Cases Consolidated)

757 P2d 444

Stephen J. Williams, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Terry Ann Leggert, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Joseph, Chief Judge,* and Van Hoomissen, Judge.

VAN HOOMISSEN, J.

---

* Joseph, Chief Judge, *vice* Young, J., deceased.

## VAN HOOMISSEN, J.

Defendant appeals his convictions for possession and delivery of a controlled substance. ORS 475.992. He contends that the trial court abused its discretion in denying the state's motion to vacate the convictions and dismiss the case and erred in excluding certain evidence offered to impeach one of the state's witnesses. We affirm.

In March, 1986, the Warrenton Police Department hired John Hilding to work as an undercover narcotics officer. At trial, Hilding testified that he had purchased cocaine from defendant on April 11 and 15, 1986. Hilding and defendant were the only persons present during the alleged transactions. On cross-examination, Hilding testified that he did not take any drugs from April 11 to April 15.

"Q: [Defense counsel]: And it's your testimony that you were not drinking?

"A: [Hilding]: No, I was not.

"Q: And you had not been doing any drugs?

"A: No, sir.

"Q: During the time that you are indicating here, and I'm talking about I guess it would be April the — April the 11th and April the 15th, were you ingesting any cocaine at that time?

"A: No, I was not.

"Q: Were you using any narcotics?

"A: No, I was not.

"Q: Or any other illegal drugs?

"A: No, sir."

Before the next question was completely asked, the state objected, and there was an off-the-record colloquy between the court and counsel.

Defendant then made an offer of proof:

"Q: [Defense counsel]: Mr. Hilding, you've testified that between the 11th of April and the 15th of April that you were not using any drugs or — cocaine or any other illegal drugs, is that right?

"A: [Hilding]: That's right.

"Q: All right. Weren't you taken to Columbia Hospital on the 15th or the 14th?

"A: Yes, I was, after being handed a drink.

"Q: And didn't you — wasn't there a laboratory analysis done of your urine?

"A: Yes, I requested it along with Chief Johnson.

"Q: And wasn't cocaine found to be present in your urine?

"A: Yes, it was.

"Q: I think the jury is entitled to hear that, Your Honor."

The offer of proof was denied.

Defendant testified that he had never sold cocaine to Hilding, directly contradicting Hilding's testimony. The jury found defendant guilty.

■ After the jury verdict, but before sentencing, the state moved to vacate defendant's convictions and dismiss the case. The basis for the motion was that, after the trial, the state had discovered that Hilding had given perjured testimony in other cases.[1] However, no perjury had been discovered in this case. Most of the perjuries involved Hilding lying about his use of drugs during the period when he was conducting undercover investigations. In support of its motion, the state contended that "[t]here's just no way we can go back through and find out just how much information we have is accurate and how much of it is false."

The trial court denied the motion, stating that this case, along with others the state moved to dismiss,

"were tested the way the criminal justice system is supposed to test truthtellers, and that is you assemble 12 people over here and everybody comes and tells their stories and those [12] people decide who is telling the truth and who isn't. And on those cases * * * where a jury has found them guilty, I see no reason to upset those particular findings or anything of the like. I think that's the criminal justice system taking its due course of action and finding those people appropriately guilty."

---

[1] The state also moved to vacate the convictions of several other persons on the same basis.

Under ORS 135.755, a trial court has discretion to dismiss cases on its own motion or that of the district attorney. Dismissal under the statute usually occurs before trial. *See State v. Bethune,* 51 Or App 271, 624 P2d 1113 (1981); *see also State v. Sharp,* 28 Or App 429, 559 P2d 930 (1977). We cannot say that the trial court abused its discretion in denying the state's motion to vacate the convictions and dismiss the case *after* trial.

▮▮▮▮ Defendant also assigns error to the trial court's refusal to admit Hilding's testimony that he had tested positive for cocaine on April 14 or 15. At trial, defendant argued that the testimony should be admitted because it pertained to Hilding's truth and veracity.[2] On appeal, defendant contends that the testimony was admissible to show Hilding's bias and interest in the prosecution of defendant.[3] Because the bias and interest argument was not presented to the trial court, we do not consider it. We do not consider defendant's trial court argument that the testimony was admissible as bearing on Hilding's truth and veracity, because he has not raised that argument on appeal.

Affirmed.

---

[2] After defendant's offer of proof, the court asked,

"What do you — what materiality do you claim for this to the issues in this case, Mr. Sweeney?"

Defendant's attorney replied:

"We, Your Honor, this has to go toward his truth and veracity. He testified that he was not ingesting illegal drugs, and now he admits that there is a laboratory report indicating that he did have illegal drugs, and I don't think that's collateral. It certainly has nothing to do with Mr. Hargreaves, I agree with that, but it certainly has to do with his truth and veracity."

[3] The state concedes that the proffered testimony "may" have been admissible to show that Hilding's ability to perceive and relate his perceptions was impaired. *See State v. Goodin,* 8 Or App 15, 30, 492 P2d 287 (1971), *rev den* (1972). That argument was not raised below. Therefore, we do not consider it on appeal. *State v. Kessler,* 289 Or 359, 371 n 17, 617 P2d 94 (1980).