# STATE OF OREGON,
*Appellant,*

*v.*

# JENNIFER SANCHEZ,
*Respondent.*

## (C93-08-35222; CA A82506)

901 P2d 978

Ann Kelley, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Ingrid MacFarlane, Deputy Public Defender, argued the cause for respondent. With her on the brief was Sally L. Avera, Public Defender.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

The state appeals from an order dismissing four counts of a multiple-count indictment. ORS 138.060(1). It argues that the court abused its discretion when it dismissed the charges on its own motion. We reverse and remand.

■ Defendant was charged with one count of possession of a controlled substance (cocaine) and four counts of child neglect in the first degree. ORS 475.992; ORS 163.547. After a pretrial hearing, the court denied defendant's motions to controvert the search warrant affidavit and to suppress evidence. Defendant then pleaded guilty to possession of a controlled substance, and the court dismissed the four counts of child neglect on its own motion, over the state's objection. On appeal, the state assigns error to the court's dismissal of the charges. We review orders dismissing accusatory instruments for abuse of discretion. *State v. Bethune*, 51 Or App 271, 624 P2d 1113 (1981).

■■ We first address defendant's contention that there is no statutory basis for the state's appeal from the order dismissing the child neglect charges.[1] The state relies on ORS 138.060(1) in support of jurisdiction. That provision reads:

"The state may take an appeal * * * from:

"(1) An order made prior to trial dismissing or setting aside the accusatory instrument[.]"

Defendant argues that "the state's appeal of the judgment reflecting dismissed counts is not an appeal of 'an order made prior to trial' within the meaning of ORS 138.060(1)." We disagree.

An order made "prior to trial" means before the point in the criminal proceeding at which jeopardy attaches. *State v. Hattersley*, 294 Or 592, 660 P2d 674 (1983). Defendant contends that, under ORS 131.515, jeopardy attached to the child neglect charges when she pleaded guilty to the possession of a controlled substance charge;[2] therefore, according to defendant, the order dismissing the child neglect

---

[1] The order dismissing the child neglect charges is contained in the amended judgment of conviction and sentence for possession of a controlled substance.

[2] Defendant does not argue that jeopardy attached under either the state or federal constitutional standards. *See* Or Const, Art I, § 12; US Const, Amend V.

charges was not made "prior to trial," and cannot be appealed by the state pursuant to ORS 138.060(1). Defendant is correct that jeopardy attached to the *possession* charge when she pleaded guilty, ORS 131.505(5)(a), but her plea did not cause jeopardy to attach to the child neglect charges.

ORS 131.515 provides, in part:

"(1)  No person shall be prosecuted twice for the same offense.

"(2)  No person shall be separately prosecuted for two or more offenses based on the same criminal episode * * *."

In order for jeopardy to have attached to the child neglect charges at the time of defendant's guilty plea to possession of a controlled substance, we would need to conclude that child neglect constitutes the "same offense" as possession of a controlled substance *or* that all of the charges set forth in the indictment arose from the same "criminal episode." ORS 131.515(1), (2). Neither situation exists in this case. First, child neglect is a completely distinct and separate crime from possession of a controlled substance. *See* ORS 131.505(1) (using definition of "offense" provided in ORS 161.505). Second, defendant's alleged acts of child neglect are not so closely related in time, place and circumstance to her act of drug possession so as to constitute "continuous and uninterrupted conduct" directed to a single criminal objective. *See* ORS 131.505(4) (defining "criminal episode"). Because jeopardy did not attach to the child neglect charges, we conclude that the order dismissing those charges was made "prior to trial" and is subject to appeal pursuant to ORS 138.060(1).

■    Defendant also contends that the state's claim on appeal, that the court failed to adequately justify its dismissal of the child neglect charges, was not preserved. At trial, the state made numerous objections to the court's *sua sponte* dismissal of the charges. Defendant argues that the state was merely objecting to the *timing* of the court's action, *i.e.*, that it was dismissing the counts on the day of trial, and made "no claim that the gravity of the charges or the reasoning of the judge failed to support a dismissal * * *." Our review of the record indicates that the trial court was alerted to the state's substantive disagreement with the court's rationale for dismissal. *See State v. Solomon*, 133 Or App 184, 890 P2d 433,

*rev den* 321 Or 512 (1995) (describing preservation requirements).

At the time the court accepted defendant's guilty plea and dismissed the four child neglect charges, the prosecutor said:

> "[T]he State's position is that the dismissal is not appropriate, especially for a person * * * who's taken this case all the way to the day of trial."

Later in the proceeding, after the court had set forth its reasons for dismissal and was considering the proper sentence to impose, the judge asked the prosecutor if she had "anything * * * to add." The prosecutor responded:

> "I believe that the defendant should be sentenced to the maximum sentence that the Legislature * * * has provided here *for all counts*; * * * I understand that we're only dealing with one count here.
>
> "The facts, as we have related them to the Court * * * would indicate that [defendant] was subjecting her four children to life in a residence where a large amount of cocaine was being dealt.
>
> "The story [defendant's husband] comes forth with, that he just uncovered [the cocaine] from an alley, and all this paraphernalia and all these scales and the cellular phone and this beeper that [defendant] has no knowledge of, that's * * * a story that the State certainly doesn't believe here, and *really questions her interest in preserving the rights of these children to be brought up in a home that's in their best interest and doesn't have a lot of drugs and drug people going in and out.*" (Emphasis supplied.)

We conclude that the state's argument was sufficiently preserved for our review.

Although the court did not expressly state the authority under which it dismissed the child neglect charges, we presume that it acted pursuant to ORS 135.755, which provides:

> "The court may, either of its own motion or upon the application of the district attorney, and in furtherance of justice, order the proceedings to be dismissed. The reasons for the dismissal shall be set forth in the order, which shall be entered in the register."

We have held that dismissal pursuant to ORS 135.755 should be reserved for "severe" situations, because

> "dismissal of a charging instrument frustrates the public interest in having the prosecution of crimes occur in order to promote the protection of the public and the rehabilitation of offenders." *State v. Hadsell*, 129 Or App 171, 174, 878 P2d 444, *rev den* 320 Or 271 (1994).

Therefore, when a court exercises its discretion to dismiss charges, it must articulate substantial reasons and dismissal must further the interests of justice. *State v. Adams*, 86 Or App 139, 144, 738 P2d 988, *rev den* 304 Or 405 (1987).

The decision to dismiss all or part of an accusatory instrument usually involves consideration of the defendant's substantive and procedural rights and the public interest in having the law enforced. *See, e.g., Hadsell*, 129 Or App at 176; *Adams*, 86 Or App at 144. In a number of cases we have held that, absent any constitutional violations, mere inconvenience, expense or delay caused to a defendant by procedural or prosecutorial set-overs are insufficient grounds to support dismissal. *See Hadsell*, 129 Or App at 175; *Bethune*, 51 Or App at 274; *State v. Sharp*, 28 Or App 429, 559 P2d 930 (1977); *State v. Shepherd*, 21 Or App 52, 533 P2d 353, *rev den* (1975). It is also inappropriate for a court to dismiss charges because it perceives the state's case to be "weak," *Hadsell*, 129 Or App at 175-76, or because it is annoyed with the prosecutor. *State v. Mock*, 80 Or App 365, 722 P2d 42 (1986).

In this case, the court dismissed the charges because of its concern for the welfare of defendant's four young children if she were to be incarcerated:[3]

> "The Court on its own motion, upon receiving a plea of guilty, will dismiss over the objection of the district attorney the child neglect charges.
>
> "* * * * *
>
> "[I]t appeared to me, and I explained to Counsel, that I would on my own motion dismiss the child neglect charges because of the fact that I felt that in this instance, * * * if

---

[3] The children's father had earlier pleaded guilty to several drug offenses, felon in possession of a firearm and child neglect. The court observed that he would likely be facing "a couple of years" of incarceration stemming from those convictions.

[defendant] got convicted of Possession of Controlled Substance, it would * * * necessarily follow that child neglect would be found as well.

"And that was a high risk. * * * *I didn't want to take the risk of both of you people being out of custody as far as those youngsters are concerned.* One, I believe, is six months." (Emphasis supplied.)

The state contends that the court's reason for dismissal here, *i.e.*, concern for defendant's minor children, is not substantial enough to support dismissal under ORS 135.755. We agree.

We have never considered a situation, such as that here, in which a trial court cited the needs of a defendant's minor children as justification for dismissing an accusatory instrument. In this particular instance, however, dismissal of the child neglect charges was not in furtherance of justice. We understand the court's concern regarding the possibility that defendant's children could be left without either parent if defendant were to be convicted and sentenced to imprisonment, as opposed to probation. However, the dismissed charges stem from allegations that defendant allowed her four children to "stay on premises and in the immediate proximity" where controlled substances were located. *See* ORS 163.547. Such allegations suggest that defendant's children could have been at risk even in her custody. We have previously noted that "[d]ismissal is a severe action with the possibility of unforeseen consequences to the unseen public." *Sharp*, 28 Or App at 432. Here, the consequences of dismissal fell squarely upon defendant's children, preventing the state from enforcing the law and from protecting the children's welfare. The court's action, purportedly taken to protect defendant's children, put the children back in the care of the very individual accused of neglecting them.

Based on the circumstances of this case, dismissal was not "in furtherance of justice." ORS 135.755. The trial court erred in dismissing the child neglect charges on its own motion.

Reversed and remanded.