Argued and submitted March 13, reversed and remanded June 11, petition for review denied September 23, 1997 (326 Or 58)

# STATE OF OREGON,
*Appellant,*

*v.*

# BRELAND M. STOUGH,
*Respondent.*

(C 90-11-36347; CA A94010)

939 P2d 652

Janet A. Klapstein, Assistant Attorney General, argued the cause for appellant. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

David C. Degner, Deputy Public Defender, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant was charged by an indictment returned in 1991 with possession of 0.03 grams of heroin. At a pretrial release hearing in 1996, the trial court dismissed the charge *sua sponte* under ORS 135.755.[1] The state appeals, and we reverse.

According to the information elicited at the release hearing, defendant was with a group of men in the Old Town section of Portland on November 7, 1990, when the police approached them. While the rest of the men ran away, defendant remained. During the contact with the police, he dropped a piece of cellophane that contained the heroin. Defendant was arrested and released after executing a release agreement. On January 7, 1991, he was indicted, and a warrant issued for his arrest. Before the warrant was executed, defendant left the state for Alaska, where he lived for five years. At the hearing, defendant's criminal history, his medical condition, whether he had waived extradition, and the reasons for which he had gone to Alaska were all in dispute. The court could have believed that defendant was in poor health, had paid $3,200 to an attorney in Alaska to represent him in the Alaska extradition proceeding and needed to return to Alaska for medical treatment.

■■ We review the trial court's decision for an abuse of discretion. *State v. Hadsell*, 129 Or App 171, 174, 878 P2d 444, *rev den* 320 Or 271 (1994). "The discretion authorized by ORS 135.755 is not absolute. It is to be applied within the bounds of legal principles." *State v. Sharp*, 28 Or App 429, 432, 559 P2d 930 (1977). We have held that dismissal pursuant to ORS 135.755 should be reserved for "severe" situations, because "dismissal of a charging instrument frustrates the public interest in having the prosecution of crimes occur in order to promote the protection of the public and the rehabilitation of offenders." *Hadsell*, 129 Or App at 174.

---

[1] ORS 135.755 provides:

"The court may, either of its own motion or upon the application of the district attorney, and in furtherance of justice, order the proceedings to be dismissed. The reasons for the dismissal shall be set forth in the order, which shall be entered in the register."

■ ■ When a court exercises its discretion to dismiss charges under ORS 135.755, it must articulate substantial reasons that demonstrate that the dismissal will further the interests of justice. *State v. Adams*, 86 Or App 139, 144, 738 P2d 988, *rev den* 304 Or 405 (1987). The decision to dismiss all or part of an accusatory instrument generally involves consideration of the defendant's substantive and procedural rights in the case and the public's interest in having the law enforced. In a number of cases we have held that, in the absence of any constitutional violations, inconvenience, expense or delay caused to a defendant by the prosecution of a criminal charge is an insufficient ground to warrant dismissal.[2] Thus, we turn to the facts of this case and determine whether the trial court abused its discretion under the applicable law.

The court was apparently persuaded to dismiss the charge against defendant because of his circumstances and because he is a Vietnam veteran. It stated:

"I think the government put these people in the field, screwed them up. They come back, they self-medicate with alcohol and drugs. Many of them committed suicide. Interesting statistic is that 50,000 were killed over there, but more than 50,000 committed suicide when they came back because of the treatment that they received. And I just want to say that over 0.03 grams of cocaine, or whatever it was, I'm not willing to put him through another minute."

■ We conclude that the trial court erred. No constitutional right of defendant's is contended to have been violated. The reasons for which the trial court dismissed the charge

---

[2] *See State v. Hadsell*, 129 Or App 171, 175, 878 P2d 444 (1994) (ORS 135.755 does not authorize the trial court to dismiss a charge because it believes that the state's case is weak or because of the inconvenience and expense to the defendant in defending the criminal charge); *State v. Bethune*, 51 Or App 271, 274, 624 P2d 1113 (1981) (ORS 135.755 does not authorize dismissal because of the defendant's frustration and inconvenience, when there is no evidence that defendant's rights have been prejudiced); *State v. Sharp*, 28 Or App 429, 432, 559 P2d 930 (1977) (holding that when the defendant was not notified of the set-over of a hearing and he ended up losing a day's pay, such facts did not justify the dismissal of the charge in the interest of justice); *State v. Shepherd*, 21 Or App 52, 55, 533 P2d 353, *rev den* (1975) (where there was no evidence of bad faith on the part of the prosecution, delay in the prosecution of case that did not prejudice the defendant did not justify dismissal under ORS 135.755).

are not attributable to the prosecution, and they have nothing to do with defendant's procedural or substantive rights regarding the indictment. The state submits that the court injected its political philosophy into the case and dismissed the case based on perceived societal wrongs to Vietnam veterans. The state also argues that the circuit court is not authorized to act as a policymaker on matters of that nature. We agree with the state's position that the trial court's concerns do not "justify frustrating the public's right to have the charge against defendant prosecuted." *State v. Shepherd*, 21 Or App 52, 55, 533 P2d 353, *rev den* (1975). We conclude that the trial court abused its discretion under the authority granted to it by ORS 135.755 when it dismissed the indictment.

Reversed and remanded.